## WILLIAMS v. KNOX.
### No. 11890.

Court of Civil Appeals of Texas. Galveston.

Dec. 4, 1947.

Rehearing Denied Jan. 8, 1948.

152

J. Hubert Lee, of Austin, for appellant.

Critz, Kuykendall, Bauknight, Mann & Stevenson, of Austin, for appellee.

CODY, Justice.

This was a suit by appellee, as receiver of the Southern Underwriters, a reciprocal insurance exchange organized under Chapter 20, Title 78, Revised Civil Statutes, Vernon's Ann.Civ.St. art. 5024 et seq., to recover the sum of $312, alleged to be owing by appellant by virtue of his having been a policyholder of said insurance exchange.

In his petition appellee alleged in substance: that prior to December 31, 1936, on up through July 20, 1938, the Southern Underwriters was an insurance exchange in which the subscribers were both insurers and insured, effecting such insurance through their attorney in fact, which said attorney in fact was Southern Underwriters Corporation, an Arizona corporation having its principal place of business in Houston, Texas. Appellee further alleged that each subscriber, including appellant, when they procured insurance executed and delivered a written agreement and application to their said attorney in fact. That paragraph 8 of said written agreement provided: "We agree to keep our Advance Deposit intact as a Surplus for the payment of our proportion of losses and expenses, and to pay promptly all demands for moneys to be used for the purposes set forth in this agreement. Failure to pay promptly such demands shall be cause for legal enforcement * * *".

Appellee further alleged that all the subscribers, including appellant, did in fact make their advance deposits. The advance deposits made by appellant totaled $312, and were by appellant made in taking out policies WC-5552, and WC-5552-1, which policies were in force respectively for the periods of "4/10/37 to 4/10/38", and "4/10/38 to 11/27/38". Appellee further alleged that the subscribers, including appellant, did not keep their advance deposits intact according to their agreement, from

December 31, 1936 to July 20, 1938. And that, at all times since, the Southern Underwriters has been hopelessly insolvent.

Appellee further alleged the proceedings in the 53d District Court of Travis County, numbered and styled on the docket of said court "State of Texas v. The Southern Underwriters", "No. 66,098", wherein the said insurance exchange was adjudged hopelessly insolvent, and appellee was appointed receiver.

Appellee further alleged the proceedings in cause No. 66,098 which led up to and included the judgment rendered therein on September 5, 1945, wherein the court found that among the assets of the Southern Underwriters was a cause of action against each subscriber to require them, respectively, to place intact their advance deposits, and further found that in order to pay all claims of creditors and to meet the expenses of the receivership each subscriber should be required to pay their respective advance deposits to the receiver. That said judgment of September 5, 1945, required the receiver to demand of each subscriber to place intact his advance deposit, and if necessary to bring suit to collect same.

Appellee further alleged his demand on appellant of the amount of the advance deposits, as shown by the aforesaid policies, in the sum of $312.

The appellant urged certain dilatory pleas and special exceptions which were by the court overruled, and the case was tried without a jury. In support of his allegation of his authority and obligation to collect the sum of $312 from appellant, appellee introduced over appellant's objections the various proceedings in Cause No. 66,098, and the policies of insurance above described by policy numbers and the dates on which they were in force showing that the amount of the advance deposits thereon totalled $312. The court rendered judgment for appellee against appellant for the sum of $312.

Appellant predicates his appeal from said judgment on 12 points, covering some four pages of his brief, but in substance they can be stated as urging that the judgment be reversed, Because,

I. The judgment of the court in cause No. 66,098, appointing appellee receiver, was absolutely void for lack of jurisdiction of the subject matter of the cause of action wherein appellee was so appointed receiver.

II. The judgment of the court, so appointing appellee receiver, was absolutely void because no proper, lawful citation was issued in said cause, so that no jurisdiction ever attached.

III. The cause of action asserted in the case at bar was barred by the statute of limitation.

IV. That appellant was not bound by the judgment rendered on September 5, 1945, in Cause No. 66,098, adjudging and construing the liability of each subscriber to keep intact his advance deposits.

On July 20, 1938, the Southern Underwriters, a reciprocal insurance exchange, was voluntarily dissolved with the approval of the Insurance Commission of Texas. It was on that date the Southern Underwriters executed a contract with United Employers Casualty Company by the terms of which all the assets of Southern Underwriters were transferred to United Casualty Company, and said Company undertook to re-insure all of the policies of the subscribers at the Southern Underwriters, stating in said contract that it was the intention of the parties to dissolve Southern Underwriters. By the terms of said contract the Company assumed all policies of the Southern Underwriters, and all valid obligations of said reciprocal insurance exchange and of its attorney in fact, Southern Underwriters Corporation.

Thereafter the United Employers Casualty Company was declared hopelessly insolvent, and the appellee herein was appointed receiver of said United Employers Casualty Company. Thereafter, to-wit, on January 13, 1942, the State's Attorney General moved for leave to file a petition in the nature of a quo warranto against the Southern Underwriters, which leave was granted, and pursuant to said leave the Attorney General filed his petition in Cause No. 66,098, in the 53d Judicial District, District Court of Travis County. In the

Attorney General's petition it was alleged that the Southern Underwriters' account, made as of November 19, 1941, showed a deficit of $154,717.11. And the Attorney General sought to have the Southern Underwriters declared hopelessly insolvent, and its affairs and assets placed in the hands of a receiver. The petition alleged that the one and only asset of said reciprocal insurance exchange was the right to levy assessments against its members. The citation on said petition was served on the Chairman of the Board of Insurance Commissioners, together with a copy of the petition (The attorney in fact for the Southern Underwriters, which was an Arizona corporation, had been theretofore dissolved.) Then, on February 19, 1942, after a hearing, the court found that the Southern Underwriters was hopelessly insolvent, and "that a necessity exists requiring the appointment of a receiver for the purpose of taking charge of the properties and affairs of the defendant, the Southern Underwriters, in all things as prayed for in plaintiff's petition." The court expressly found that the Southern Underwriters had been duly cited, and appointed appellee as receiver.

## Opinion

█ Before discussing appellant's points asserting reversible error it may clarify the understanding of this case to make the following statement. By the transfer of the business of the Southern Underwriters to the United Employers Casualty Company, said company became primarily liable to pay the creditors of the Southern Underwriters. However, the subscribers remained secondarily liable. When the United Employers Casualty Company became hopelessly insolvent, there was nothing to prevent the liability of the subscribers at the Southern Underwriters from being resorted to. They were not in the position of stockholders of a corporation. The limitation on such subscribers' liability was to be determined by their contracts.

Appellant's points, which we have consolidated for brevity, as points I and II, are so similar that they may be discussed together. They relate to appellant's contention that the court was without jurisdiction in cause No. 66,098, to appoint appellee receiver because it had no jurisdiction over the subject matter of the cause of action; and that such judgment appointing appellee receiver was absolutely void because there was no lawful citation issued in Cause No. 66,098. We overrule these points.

█ It is elementary that if the court's judgment appointing appellee receiver in Cause No. 66,098 was absolutely void, it was a nullity and can be attached collaterally, but that if it was merely erroneous, it would have to be attached directly in the cause wherein the appointment was made.

█ Appellee earnestly insists that under Section 4, R.C.S. Art. 2293, providing that receivers may be appointed in "all other cases where receivers have heretofore been appointed by the usages of the court of equity", the court had authority to appoint appellee as receiver. That is, by the usages of equity a court of equity has the jurisdiction to appoint a receiver to collect the money due by the subscribers in order that the same could be distributed among the beneficiaries of the policies of insurance issued by the Southern Underwriters. In the absence of any citation of authority by appellee showing that such was a usage of equity, we are unable to hold that the court had such authority under said section of said article.

█ However, Art. 5068c, Section 2, Vernon's Ann.Civ.St., provides in part: "Whenever under the law of this State a court of competent jurisdiction finds that a receiver should take charge of the assets of an insurer domiciled in this State, the liquidator designated by the Board of Insurance Commissioners as hereinafter provided for shall be such receiver. The liquidator so appointed receiver shall forthwith take possession of the assets of such insurer and deal with the same in his own name as receiver * * *." Under this statute the court had the authority which it exercised in cause No. 66,098 in appointing appellee as receiver. When so appointed he ceased to act as liquidator. Knox v. Damascus Corporation, Tex.Civ.App., 200 S.W.2d 656.

█ Service of citation in cause No. 66,098 was pursuant to one of the methods prescribed by R.C.S. Art. 5027, Vernon's

Ann.Civ.St. art. 5027. As stated above service was had on the Chairman of the Board of Insurance Commissioners. The attorney in fact, which was a corporation, had been dissolved. And the service was made in the only method available under the circumstances which was prescribed by statute. If it could be said that the method followed was not applicable, then there was no legislative method of service which was prescribed. If there was no legislative method of service prescribed, then the rule is, "A court of record vested with jurisdiction over a given class of proceedings in rem may, in the absence of any legislative rule as to service of process, direct a reasonable mode of constructive service" 33 Tex. Jur. 850. The Court approved the service of citation in Cause No. 66,098, finding that service of citation was duly had. The judgment cannot here be collaterally attacked as it was not void.

We find that appellee was duly appointed receiver in Cause No. 66,098.

On September 5, 1945, the court rendered judgment in Cause No. 66,098, construing the liability of the subscribers at the Southern Underwriters under Section 8 of the agreement and application of any one becoming a subscriber. Said judgment was appealed from and was affirmed in Glenn H. McCarthy, Inc., et al. v. Southern Underwriters, Tex.Civ.App., 192 S.W.2d 469 ·(refused NRE). This suit, before us on appeal, was filed February 18, 1946, which was less than six months after said judgment. The assessment requiring the subscribers to place their advance deposits intact having been made by the court less than six months before suit was filed was not barred. "Limitation did not begin to run in appellant's favor against his liability for assessment on his policies until the court entered the order of assessment on the 1st day of May, 1933, * * *". (Citing authorities.) McLean v. Morrow, Tex.Civ. App., 137 S.W.2d 113, 120. We overrule the contention that the assessment thus determined and made on September 5, 1945, was barred.

We overrule appellant's contention that the judgment of September 5, 1945, was not binding on him. The proceeding which resulted in the assessments being made was an action in rem. And we consider that appellant had such notice of such proceeding as was necessary to make same binding on all subscribers. The judgment, as stated above, was sustained in Glenn H. McCarthy, Inc., et al. v. Southern Underwriters, supra.

The judgment is affirmed.

Affirmed.