## CAMP v. KNOX.
### No. 11979.

Court of Civil Appeals of Texas. Galveston.
April 8, 1948.

Rehearing Denied April 29, 1948.

Rice, Waitz & Rice, Robt. H. Rice and Bruce Waitz, all of San Antonio, for appellant.

Critz, Kuykendall, Bauknight & Stevenson & F. L. Kuykendall, all of Austin, for appellee.

MONTEITH, Chief Justice.

This action was brought by Will G. Knox, receiver of the Southern Underwriters, a reciprocal insurance exchange, for the recovery from appellant, John F. Camp, as the statutory trustee of a dissolved corporation, of the sum of $250.00 alleged to be due Southern Underwriters as advance deposits upon two policies of insurance issued by the Southern Underwriters to John F. Camp Drilling Company, a corporation, prior to its dissolution.

Appellant filed his plea of privilege to have the suit tried in Bexar County, the county of his residence. Appellant filed his plea of privilege individually, and not as trustee, a plea in abatement, and a verified answer consisting of a general denial, a plea of the two and four year statutes of limitations and a plea in bar. Appellee in due time filed a controverting affidavit in which he claimed venue of the suit in Harris County under subdivision 5 of Article 1995, Vernon's Ann.Civ.Statutes, and in which the allegations of his original petition were incorporated.

By agreement of the parties, all issues involved in the suit, including the hearing on the plea of privilege, were presented and tried at the same hearing before the court.

The trial court overruled appellant's plea of privilege and his special pleas, and judgment was rendered in favor of appellee in the amount of $250.00.

At the request of appellant the trial court prepared and caused to be filed his findings of fact and conclusions of law.

The material facts were either introduced under stipulations or were undisputed, and it was agreed by the parties that the findings of fact made by the trial court are correct.

It is admitted that the policies of insurance involved in the action were issued to John F. Camp Drilling Company pursuant to its written application. The application provided for payment of any sums due under the policy in Harris County, Texas. Will G. Knox, Receiver of the Southern Underwriters, brought the action in Harris County against John F. Camp, who resides in Bexar County, Texas, as statutory trustee for the stockholders and creditors of the dissolved corporation, under Article 1388, Vernon's Ann.Civ.Statutes, for recovery of the sum of $250.00 alleged to

be due appellee as an advance deposit upon two policies of insurance issued by the Southern Underwriters to John F. Camp Drilling Company, a corporation, prior to its dissolution.

It is admitted that on April 7, 1938, the Southern Underwriters, a reciprocal insurance exchange, doing business under Article 5024 of Vernon's Ann.Civ.Statutes, issued to John F. Camp Drilling Company, a Corporation, two policies of insurance, one of Workmen's Compensation and one of Public Liability. The policies provided for a total advance deposit of $250.00. They were issued pursuant to the written application of the Corporation, acting through its duly authorized agent, and the corporation paid the premiums provided for in such policies. The application above referred to provided that the subscriber corporation would keep its advance deposit intact and that upon its failure to do so, suit could be brought to enforce its collection in Harris County. In April, 1938, the corporate name of the John F. Camp Drilling Company was changed to Martha Oil Company. Martha Oil Company was legally dissolved on December 17, 1938, at which time John F. Camp was President and a director of the corporation. He received assets at the time of the corporation's dissolution in excess of $250.00.

Will G. Knox was appointed receiver of The Southern Underwriters on or about February 19, 1942, and duly qualified as such receiver. On September 5, 1945, in cause No. 66,098 in the 53rd District Court of Travis County, judgment was rendered fixing the liability of all subscribers of the Southern Underwriters in a sum of money equivalent to their advance deposits. In said judgment, Will G. Knox, as Receiver, was authorized and directed to collect the amounts due as advance deposits.

It was stipulated on trial that the policies sued on were issued to John F. Camp Drilling Company and not to John F. Camp, individually, and that the corporation was later dissolved and no receiver was appointed.

The material part of Article 1388 provides that upon the dissolution of a corporation, unless a receiver is appointed by some court of competent jurisdiction, "* * * the president and directors or managers of the affairs of the corporation at the time of its dissolution shall be trustees of the creditors and stockholders of such corporation, with power to settle the affairs, collect the outstanding debts and divide the moneys and other property among the stockholders after paying the debts due and owing by such corporation at the time of its dissolution * * *."

Upon the dissolution of the John F. Camp Drilling Company, appellant, John F. Camp, became a trustee of the creditors of the corporation. The Southern Underwriters was one of its creditors and Will G. Knox, its Receiver has succeeded to the rights of the Southern Underwriters.

In the case of Glenn H. McCarthy, Inc., v. Southern Underwriters, Tex.Civ. App., 192 S.W.2d 469, it was held that all policy holders in the Southern Underwriters were obligated to pay to Will G. Knox, Receiver, a debt in an amount equal to their advance deposits. Under said Article 1388, John F. Camp, as one of the trustees, was obligated to pay the debts of the corporation, and under the stipulation that John F. Camp received assets of the corporation in excess of $250.00 at the time of its dissolution, he became responsible to the creditors of the corporation, under the provisions of said Article 1388, to the extent of its property and effects in his hands—including the advance payments involved in this suit—which are under the stipulation of the parties payable by him as such trustee in Harris County, Texas.

The parties agree that the controlling question presented in the appeal is whether the statutory trustee of a voluntarily dissolved corporation who, at the time of the dissolution, received assets of the corporation in excess of the amount sought to be recovered, is bound to pay the corporation's debt at the place the corporation agreed to pay it.

The case of Waggoner et al., v. Edwards et ux., Tex.Civ.App., 68 S.W.2d 655, 659,

is, we think, decisive of the questions involved in this appeal. In that case Mr. and Mrs. Edwards executed a written lease of property located in Lamb County, Texas, to the Three D's Products Distributors, Inc., a corporation. The original lease was performed and the rentals payable in Lamb County. Edwards and his wife filed suit in that county against Waggoner, Wharton and Compton, all of whom resided in Tarrant County, Texas, as trustees of the dissolved corporation, and against Marathon Oil Corporation, a foreign corporation. All parties filed pleas of privilege. The trustees of the corporation filed their plea of privilege alleging that they were residents of Tarrant County. The Court, in affirming the judgment of the trial court overruling the plea of privilege, said: "The appellants contend that, because the Three D's Products Distributors, Inc., had been dissolved prior to the filing of this suit, the venue statutes quoted above do not apply. We cannot assent to this proposition. * * * Since it (the dissolved corporation) is still a legal entity, we are of the opinion that the venue statutes apply with all the force which they could be made to apply to the corporation before its dissolution, and we conclude, *since the contract was consummated in Lamb county and these provisions of the statute preserve its legal entity for the convenience of creditors and the effectiveness of their efforts in collecting indebtedness due from it, that Waggoner et al., who are by statute made the trustee, may be held to answer in an action in Lamb county.* The suit is not against Waggoner et al., as individuals. They are sued only in their representative capacity." (Emphasis ours.)

It is apparent from the opinion that the Court held venue to have been proper in Lamb County against Waggoner, et al., as trustees, because the contract which was executed by the dissolved corporation was performable in Lamb County. They were not sued individually, but as trustees.

■ Under the above facts it is apparent that John F. Camp Drilling Company, a dissolved corporation, was bound and obligated by its written obligation to pay its advance deposit in Harris County, Texas, and that under said Article 1388 John F. Camp as trustee was liable for the advance deposit due by the dissolved corporation.

■ Under his second and third points, appellant complains of the alleged error of the trial court in overruling his pleas of limitation under the two and four year statutes. Articles 5526 and 5529, Revised Civil Statutes. This contention cannot, we think, be sustained.

It is undisputed in the record, and the trial court so found that, on September 5, 1945, judgment was rendered in the 53rd District Court of Travis County, fixing the liability of all subscribers of the Southern Underwriters in a sum of money equivalent to the advance deposit on each policy held from December 31, 1936, to July 28, 1938, and that, in said judgment, Will G. Knox, Receiver, was directed by the court to collect from each of such subscribers a sum of money equal to the amount of the advance deposit due by the subscribers on each policy of said periods. This action was filed on May 22, 1946, less than ten months after the assessment judgment was entered.

The advance payment sued on in this action was due and payable to Southern Underwriters only when the subscriber was required to contribute to the advance deposits due under the two policies of insurance issued to the John F. Camp Drilling Company, and limitation did not begin to run in appellants' favor against his liability for assessment on his policies until the court entered the order of assessment on September 5, 1945, less than ten months after the assessment was entered. McLean v. Morrow, Tex.Civ.App., 137 S. W.2d 113, (Dis.Correct Judg.) and authorities cited; Williams v. Knox, Tex.Civ. App., 207 S.W.2d 151.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.