## AMA–GRAY OIL CO. v. MARSHALL.
### No. 14948.

Court of Civil Appeals of Texas.
Fort Worth.
July 9, 1948.

Sanders, Scott, Saunders & Smith and Albert Smith, all of Amarillo, for appellant.

Marion B. Solomon, of Dallas, for appellee.

SPEER, Justice.

This is an action by plaintiff, Herbert Marshall, receiver and trustee of Nation-

al Indemnity Underwriters of America (to which we shall refer as NIU), against defendant, Ama-Gray Oil Company, a dissolved corporation, of which Demaris Holt was president at the time of its dissolution.

NIU was a reciprocal insurance association, created under and by virtue of Chapter 20, Title 78, Revised Civil Statutes 1925, Vernon's Ann.Civ.St. art. 5024 et seq. By an action brought by the State of Texas in the 98th District Court of Travis County, NIU was adjudicated insolvent from September 30, 1936, to December 28, 1937, and a receiver was appointed; he promptly qualified as such and took charge of the affairs of NIU.

On March 8, 1941, in a cause styled "Keith Kelly, Receiver (of NIU) v. Nick Linz et al., No. 63621", in the 98th District Court of Travis County, the receiver recovered judgment against the defendants in a class suit, which judgment found the amount of the difference by which NIU's liabilities exceeded its assets and fixed the liability of the various subscribers to said association at one hundred per cent of the premiums booked and earned on policies held by them between September 30, 1936, to and including December 28, 1937. The receiver was authorized and directed by the court to enforce the liability of each of said policyholders under and by virtue of the terms of certain powers of attorney and contracts thereunder.

Defendant was a subscriber at said Association under power of attorney and contracts and was the holder of certain policies of insurance during the period of NIU's insolvency, unquestionably for part time if not all the time. We shall later refer to one policy of insurance which affects the last month of said insolvency period.

The early history of the matters out of which this suit grew is admirably stated by the Supreme Court in Richardson et al. v. Kelly, 144 Tex. 497, 191 S.W.2d 857, supplemented by this court in Ama-Gray Oil Corporation v. Marshall, Tex.Civ.App., 192 S.W.2d 324; the last citation is our opinion when the case was before us on the venue question. We may shorten this opinion by referring to the two cases cited.

Trial was to a jury but upon motion of plaintiff the court gave a peremptory instruction. The instructed verdict was returned and judgment for plaintiff (receiver) was entered against defendant (Ama-Gray Oil Co.) for $798.11, with interest thereon at six per cent per annum from March 8, 1941. The judgment was dated November 13, 1947. Defendant excepted, gave notice of and has perfected this appeal.

The parties will bear the same designation here as in the trial court.

There is no contention made by defendant attacking the validity of the proceedings had in the judicial declaration that NIU was insolvent, the appointment of a receiver, nor that the class suit was, for any reason, ineffective. The questions for our determination are in the main procedural.

Defendant relies upon seven points of error; we shall not discuss them in the order presented in the brief.

Second point complains because the court gave the peremptory instruction and third point asserts error because the court instructed the jury to return a verdict in favor of plaintiff for $798.11.

As we view the record in this case, plaintiff's right of recovery against defendant for $766.47 was conclusively established by the uncontradicted testimony; it is such that reasonable minds could not differ as to the conclusions reached; hence a peremptory instruction was proper if the instruction had not been (as we believe) too broad.

Plaintiff's claim sued upon consists of three items of "premiums booked and earned" on policies of insurance held by defendant at the Association during NIU's insolvency period between September 30, 1936, and December 28, 1937, to wit: (1) Policy No. WC-1011, $20.17; (2) Policy No. WC-1826, $746.30; and (3) Policy No. WC-2763, $31.64, together with interest on each item at six per cent per annum since March 8, 1941.

There is no conflict in the evidence as to plaintiff's right of recovery for items (1) and (2) as designated above, aggre-

gating $766.47. There is a conflict in the evidence as to plaintiff's right of recovery on item (3) above for $31.64. The agent of NIU testified that his agency wrote each and all of the above designated policies in their office and referable to Policy WC-2763 (upon which plaintiff claimed a "booked and earned premium of $31.64") the record shows that the witness testified by Q. and A. written deposition as follows:

"Q. Who wrote Workmen's Compensation policy No. 2763? A. Workmen's Compensation policy No. 2763 was written in our office and canceled flat before effective date."

\*   \*   \*   \*   \*   \*

"Q. Were the premiums paid. A. No, canceled flat."

\*   \*   \*   \*   \*   \*

"Q. What did you do with the premium when it was paid to you. A. No premium paid."

There was much evidence to the contrary of that just referred to but this being an instructed verdict we need not detail the conflicts; the trial court should not have instructed a verdict in plaintiff's favor for this item. This error prompts us to give plaintiff an opportunity to file a remittitur to avoid the necessity of a reversal and remand of the judgment entered; we shall do this at the conclusion of this discussion. The instructed verdict was proper except for including the item designated above as (3).

The first point of error complains because the court "refused" to submit an issue to the jury inquiring if a settlement of the claims sued on was made between the parties. We construe this point as being one of defendant's reasons why no verdict should have been instructed for plaintiff.

One argument made by plaintiff (appellee) against defendant's first point of error is that under Rule 279, T. R. C. P., defendant must have prepared and requested the submission of an issue inquiring whether or not a settlement was made between the parties before he can complain on appeal because one was not so submitted. In cases like this where the judgment is based upon a peremptory instruction, Rule 279, T. R. C. P., has no application. The cited rule is made applicable only in cases coming within the provisions of the language found in the first clause of the rule, which reads, "When the court submits a case upon special issues, \* \* \*." The rule finds its source under former Article 2190, R.C.S.1925, which was repealed by the passage of the rule. The provisions of Article 2190 have been many times construed as having no application in cases where the judgment is based upon an instructed verdict, that is one in which the court does not (as in the instant one) "submit the case upon special issues." 3 Tex.Jur. 217, sec. 144; Cleburne State Bank v. Ezell, Tex.Civ.App., 78 S.W.2d 297, writ dismissed. It is the settled rule that a re-enacted statute will be given the same construction previously given by the courts to the original.

We overrule the point of error, not because the defendant waived the submission of an issue on the subject, but because, as we view the testimony, no such issue was raised. Defendant's contentions are based upon the testimony of Mr. Fraser, the local agent for NIU, during the time it operated. The witness said in substance that he had a conversation with the receiver of NIU and his attorney in February, 1938, at which time he settled with the receiver by advancing at that time $2,000 "in full settlement of all accounts, including the accounts involved in this suit"; that the witness was advised that the court had approved such settlement.

A canceled check by the witness for the amount was in evidence. It bears some memorandum, some of which was marked out and we get little light therefrom. The testimony was by written deposition and by its nature is all the more difficult of a full understanding and fuller development of the matters there referred to by the witness. The record discloses without dispute that the witness, as NIU's agent, owed to the Association $2,553.26 for premiums collected and not remitted at the time of the court's decree of insolvency and the appointment of the first receiver on December 28, 1937, and that such agreement

of settlement as the witness had with the receiver in February, 1938 was for the premiums the witness had collected and had not remitted. The witness said he owed unremitted premiums of about $2,553.26 and that the payment made under the purported settlement of the items sued for herein consisted of his check for $2,000 and an item he paid for NIU in another suit in the sum of $553.26. There is nothing to indicate that Fraser was paying anything that he did not then owe to NIU and its receiver.

The $2,000 check bore the memorandum, "for payment to date in full of all accounts and audits receivable from and any other assets due from William T. Fraser and Co. and/or any of its assured to the National Indemnity Underwriters or its receiver except the amount of $553.26. * * *" Moreover at the time of the transaction relied upon by defendant (February, 1938), no assessment had been made by the court against policyholders and of course none such were due or payable. It was not until March 8, 1941 that the court in cause No. 63621 decreed that an assessment under the Law, the powers of attorney and contract was necessary and collection ordered.

We conclude that the testimony of Fraser under the whole record before us has no probative value as tending to show a settlement of the assessments made by the court some three years later; that the testimony presented no impediment against a peremptory instruction and its limitation, which we shall presently mention.

■ Defendant's points four and five assert error because the court held that plaintiff's cause of action was not barred (a) by the statute of four years limitation, Vernon's Ann.Civ.St. art. 5527, and (b) nor by the statute of two years limitation, Vernon's Ann.Civ.St. art. 5526.

These points are overruled. This kind of a suit is based upon written powers of attorney and contracts between the parties and is controlled by the four year statute of limitation. Limitation began to run when the cause of action arose; the judgment of the 98th District Court of Travis County declaring and fixing defendant's liability was dated March 8, 1941; this suit was filed December 22, 1944. Southern Ornamental Iron Works v. Morrow, Tex. Civ.App., 101 S.W.2d 336, writ refused; McLean v. Morrow, Tex.Civ.App., 137 S. W.2d 113, writ dismissed, judgment correct; Williams v. Knox, Tex.Civ.App., 207 S.W.2d 151, writ refused N.R.E. The same general rule is announced in the venue case of Camp v. Knox, Tex.Civ. App., 210 S.W.2d 599.

■ The sixth and seventh points complain because the trial court excluded the proffered testimony of William T. Fraser to the effect (a) that the attorney for the receiver had advised the witness that the court had approved the settlement made between witness and the receiver, and (b) in refusing to permit the same witness to testify that certain words endorsed on the $2,000 check given by him to the receiver were "scratched out" when presented to the court.

It is elemental that the actions of a receiver are subject to approval or rejection by the court in which the proceedings are pending. It is the settled rule that "one dealing with a receiver is charged with the knowledge of the law that the authority of the receiver is limited to that given by the court." Baumgarten v. Frost, 143 Tex. 533, 186 S.W.2d 982, 987, 159 A.L.R. 428. The court's orders respecting all such matters become a part of the minutes of the court in that case. In the absence of some recognized exception to the rules of evidence, such orders and decrees may not be proven by parol but the original or certified copies are the best evidence of their existence and contents. The proposed testimony was inadmissible because (1) it was not the best evidence, and (2) it was clearly hearsay. Defendant offered the testimony in support of its plea of estoppel; such defense could not be sustained by incompetent testimony.

What we have already said in overruling defendant's first point of error is applicable here. If the testimony had been competent to establish a settlement between William T. Fraser for defendant with the former receiver of all accounts of the wit-

964

ness and his assured, as we view the record it would not have affected the finding, declaration and fixing of a liability by the court three years thereafter, as was done in this case. The points are overruled.

Adverting to the early part of this opinion referable to the nature of the court's peremptory instruction, we have concluded that in view of the unusual and somewhat complicated nature of this suit and the meticulous care with which the various phases of the case were developed, the manner in which the peremptory instruction was given should not result in a reversal and remanding of this case for another trial. We repeat, this suit was to recover three items alleged to be a sum equal to one hundred per cent of the premiums on insurance policies held by defendant during the period of insolvency of NIU. The first two items, namely $20.17 and $746.30, aggregating $766.47, were conclusively established and the verdict should have been instructed in plaintiff's favor for that amount, together with interest thereon since March 8, 1941.

On motion of plaintiff, the court instructed a verdict for $798.11, with interest from the date mentioned. The last amount included the third item sued for in the sum of $31.64, about which there was a conflict in the evidence and the court erroneously included it in his instruction. To the extent of $31.64 and interest thereon at six per cent per annum since March 8, 1941, the judgment in this case should be reduced.

We think a practical solution to the unusual situation now before us is that plaintiff should be given an opportunity to enter a remittitur of the excessive recovery and if done the judgment of the trial court should be reformed and affirmed. Therefore, if plaintiff will file a remittitur in this court of $31.64, on or before July 8, 1948, the judgment of the trial court will be reformed and affirmed for recovery by plaintiff of $766.47, together with interest thereon at six per cent per annum since March 8, 1941, otherwise the judgment of the trial court will be reversed and remanded

Leave is granted to all parties to file motion for rehearing within fifteen days after we shall have hereafter entered final judgment as above indicated.

Our Suggestion of Remittitur.

The closing part of our opinion in this case handed down on June 25, 1948, suggests a remittitur to be filed in this court by plaintiff on or before July 8, 1948 and that our final judgment would thereafter be entered accordingly.

Plaintiff (appellee) did on July 2, 1948, file in this court a remittitur of $31.64 on said judgment, as suggested, and we now reform the judgment of the trial court so that plaintiff, Herbert Marshall, receiver, shall recover of and from defendant, Ama-Gray Oil Company, a dissolved corporation, of which Demaris Holt was President at the time of its dissolution, the sum of $766.47, together with six per cent interest per annum thereon since March 8, 1941, and as so reformed the judgment of the trial court is affirmed.

Ten per cent of the costs of this appeal will be taxed against plaintiff (appellee) and the remainder of costs taxed against appellant.

Motion for rehearing may be filed by any party to this suit within fifteen days after this date.