## YOUNGER BROS., Inc. v. KNOX.
### No. 12043.

Court of Civil Appeals of Texas. Galveston.
Jan. 13, 1949.

Rehearing Denied Feb. 3, 1949.

John Touchstone and Geo. C. Cochran, both of Dallas, for appellant.

Critz, Kuykendall, Bauknight & Stevenson, of Austin, for appellee.

MONTEITH, Chief Justice.

This action was brought by Will G. Knox, receiver of the Southern Underwriters, a reciprocal insurance exchange, for the recovery from appellant, Younger Bros., Inc., of the sum of $1095.00 alleged to be due as advance deposits provided for in policies of insurance issued to Younger Bros., Inc., during the insolvency period of The Southern Underwriters.

Younger Bros., Inc., answered by a general denial and by a plea that appellee's cause of action was barred by the four-year statute of limitation, Article 5527, Revised Civil Statutes. Appellant specially pleads as a bar to appellee's cause of action a judgment involving the same parties rendered in the District Court of Harris County.

In a trial before the court, judgment was rendered in favor of appellee and against appellant in the sum of $1080.00. No findings of fact or conclusions of law were requested by the parties or filed by the trial court.

The material facts in the appeal are undisputed. The record reflects that Will G. Knox was the duly appointed and acting receiver of The Southern Underwriters, a reciprocal insurance exchange duly organized under pertinent statutes of this State. The Southern Underwriters had issued policies of insurance to numerous subscribers, including appellant. Pursuant

to written applications for workmen's compensation policies made on September 22, 1936, The Southern Underwriters had issued to Younger Bros., Inc., workmen's compensation policy No. 5201, which provided for an advance deposit of $505.00, and workmen's compensation policy No. 5201-1, which provided for an advance deposit of $505.00. Notice had been filed with the Industrial Accident Board as required by law showing that Younger Bros., Inc., had become a subscriber at the Southern Underwriters during the period from November 1, 1936, to November 1, 1937, and from November 1, 1937, to November 1, 1938. Pursuant to appellant's application, Southern Underwriters had issued to Younger Bros., Inc., its public liability and property damage policy No. 1132 on which the advance deposit was $35.00, and public liability and property damage policy No. 1132-1 which provided for an advance deposit of a total of $35.00.

On September 5, 1945, the 53rd District Court of Travis County entered an order in cause No. 66098 directing Will G. Knox, Receiver for Southern Underwriters, to collect from each policyholder of Southern Underwriters during the period from December 30, 1936, to July 20, 1938, a sum of money equal to the amount of the advance deposits as shown on each policy on which advance deposits were due. It is undisputed that pursuant to that order Will G. Knox as such Receiver made demand on Younger Bros., Inc., to pay the amount of advance deposits due on the above policies amounting to $1080.00, and that Younger Bros., Inc., had failed to pay the amount of said claims.

On January 11, 1944, Will G. Knox, Receiver, filed an action against Younger Bros., Inc., in the 113th District Court of Harris County in cause No. E-300,118, on the docket of said Court, for the recovery of illegal rebates alleged to have been made to Younger Bros., Inc., by Southern Underwriters.

In that action Southern Underwriters, and its successor, United Employees Casualty Company, alleged that at various times prior to the time Will G. Knox was appointed Receiver of both of said companies, they had issued various types of insurance policies to Younger Bros., Inc., on which the Board of Insurance Commissioners had fixed the rates to be charged, but that Southern Underwriters had made a secret and illegal agreement with Younger Bros., Inc., by the terms of which the rates fixed by the Board of Insurance Commissioners were not charged for said policies, and that such rebates and discounts were illegal and fraudulent. Plaintiff sought recovery of the alleged illegal and unlawful rebates and premiums received by Younger Bros., Inc. On March 13, 1945, an agreed judgment was entered in this suit which provided for the payment by Younger Bros., Inc., of $15,000.00 "in full and final settlement of the issues involved herein".

Appellant contends that the agreed judgment in said cause No. E-300,118 was a complete settlement and release of all claims of the Southern Underwriters prior to plaintiff's appointment as receiver.

This contention cannot, we think, be sustained. It is undisputed that the suit brought in the District Court of Harris County, in which this agreed judgment was rendered, involved illegal rebates and not advance deposits. The agreed judgment was entered on March 13, 1945. Thereafter on September 5, 1945, a decree was rendered in cause No. 66098 which was pending in the 53rd District Court of Travis County, Texas, and was affirmed by the Court of Civil Appeals in Glenn H. McCarthy, Inc., v. Southern Underwriters, Tex.Civ.App., 192 S.W.2d 469, which recited that certain policyholders and subscribers of Southern Underwriters had failed to keep their advance deposits intact and that, in order to pay the debts of the insolvent insurance exchange, it was necessary that all subscribers place intact such advance deposits. The agreed judgment upon which appellant relies was rendered on March 13, 1945. It provides that the settlement in that cause "will in no wise effect the rights of the parties in the assessment suit filed by the receiver of Southern Underwriters against the subscribers at Southern Underwriters which suit is now pending in the 53rd District Court of Travis County, Texas". This agreed judgment, we think, expressly ex-

cluded the assessments involved in said cause No. 66098 then pending in the District Court of Travis County since that suit involved illegal rebates and not advance deposits and that on the date of the entry of the agreed judgment the decree had not been entered in Cause No. 66098 ordering that advance deposits be placed intact.

The facts in the case of Ama-Gray Oil Co., v. Marshall, Tex.Civ.App., 212 S.W.2d 960, 963, are similar in all material respects to those in the instant case. In that case a receiver had been appointed for National Indemnity Underwriters which concern had been adjudged insolvent. The receiver was directed to collect from policyholders a sum of money equal to 100% of the premiums booked and earned on policies held by them during a given period of time. In February, 1938, after the appointment of the receiver, William T. Fraser & Company, as agent for the insolvent insurance company, owed $2553.26 for premiums collected and not remitted. As a settlement for that account, Fraser issued his check for $2000.00, on which was written "For payment to date in full of all accounts and audits receivable from and any other assets due from William T. Fraser and Co. and/or any of its assureds to the National Indemnity Underwriters or its receiver except the amount of $553.-26".

On March 8, 1941, the District Court rendered judgment that an assessment was necessary.

Ama-Gray Oil Company, one of the policyholders of National Indemnity Underwriters, defended the action against it on several grounds, one being that the settlement by Fraser & Co. released it from liability. The court, in ruling against the oil company and in favor of the Receiver, said " * * * at the time of the transaction relied upon by defendant (February, 1938), no assessment had been made by the court against policyholders and of course none such were due or payable. It was not until March 8, 1941 that the court in cause No. 63621 decreed that an assessment under the Law, the powers of attorney and contract was necessary and collection ordered."

Under the holding in the Ama-Gray Oil Co. case the judgment rendered March 13, 1945 could not, we think, have included obligations and liabilities imposed upon policyholders by the decree of September 5, 1945, since on the date the agreed judgment was entered, those obligations had not been determined or adjudicated. And appellee did not have a cause of action for advance deposits against appellant until after September 5, 1945. Further, the cause of action asserted in cause No. E-300,118 was for illegal rebates made and did not and could not have included a demand for advance deposits.

■ Under its point of error No. Six, appellant contends that the subscribers' agreement providing for advance deposits under which this action was brought had been cancelled more than four years prior to the filing of this action and that appellee's action is barred by the four year statute of limitation, Article 5527, Revised Civil Statutes. This contention cannot, we think, be sustained. The record reflects that the receiver was not authorized until September 5, 1945 to make demands or to institute any cause of action against any policyholder for their advanced deposits. In its decree the court found that none of the policyholders had kept intact their advance deposits and that by judgment of that date Will G. Knox, Receiver, was directed by the court to collect from each of such subscribers a sum of money equal to the amount of the advance deposit due by the subscriber on each policy of said periods.

The advance payments sued on in this action were due and payable to Southern Underwriters only when the subscriber was required to contribute to the advance deposits due under the policies of insurance issued to Younger Bros., Inc., and limitation did not begin to run in appellant's favor against this liability until the court entered the order of assessment on September 5, 1945. Camp v. Knox, Tex.Civ.App., 210 S.W.2d 599; McLean v. Morrow, Tex. Civ.App., 137 S.W.2d 113 and authorities there cited; Williams v. Knox, Tex.Civ. App., 207 S.W.2d 151.

Under its point of appeal No. Seven, appellant contends that the trial court's judgment is erroneous because there was no evidence that the defendant had failed to keep its advance deposits intact. This contention cannot, we think, be sustained.

It was stipulated in the record that "demand was made upon Younger Bros., Inc., to pay the amount of the advance deposits as evidenced by the policies that have been introduced in evidence, which total $1080.-00, and that defendant has failed and refused to pay the amount of the claim". Further, appellant did not plead payment under oath as required by Rules 93–95, inclusive, Texas Rules of Civil Procedure.

We have considered all points of error presented by appellant in its brief, and finding no reversible error, the judgment of the trial court is in all things affirmed.