## WILSON v. MARSHALL.
### No. 11904.

Court of Civil Appeals of Texas.
San Antonio.
Jan. 26, 1949.

Rehearing Denied March 3, 1949.

Tarlton, Ogden & Hale, of Corpus Christi, for appellant.

Marion B. Solomon, of Dallas, for appellee.

NORVELL, Justice.

Sam E. Wilson, Jr., has appealed from a judgment for $4,387.44, rendered against him and in favor of appellee, Herbert Marshall (successor to Keith Kelly), as Receiver and Trustee of National Indemnity Underwriters of America (NIU), a reciprocal or interinsurance exchange organized in accordance with the provisions of Articles 5024–5033, Vernon's Ann.Civ.Stats.

Appellee's suit was filed on May 11, 1945, and is based upon Wilson's liability for an assessment as a subscriber to the NIU. This liability was determined in Cause No. 63621 on the docket of the District Court of Travis County, 98th Judicial District of Texas, styled Keith Kelly, Receiver, v. Nick Linz et al.

The judgment rendered in said cause No. 63621 was sustained as a valid decree entered in a proper class suit. Richardson v. Kelly, 144 Tex. 497, 191 S.W.2d 857, affirming Richardson v. Kelly, Tex.Civ.App., 179 S.W.2d 991.

In the case cited the financial and legal history of the NIU is set out and need not here be repeated in detail. The exchange became insolvent and it was adjudged that the receiver should recover from each defendant an amount of money equal to a full annual premium on each policy during the insolvency period and that the judgment should bind all subscribers because they "constitute a class whose rights * * * are fairly and truly represented herein by the named defendants appearing and answering." [144 Tex. 497, 191 S.W.2d 859]

Wilson interposed a plea of res judicata to the receiver's claim based upon the judg-

ment rendered in said cause No. 63621, contending that on April 15, 1940, Kelly as receiver had brought suit against him in the District Court of Tarrant County, 17th Judicial District of Texas, and that said suit bearing Cause No. 28420-A had been settled and dismissed with prejudice.

The demand asserted by the receiver in Cause No. 28420-A was for premiums charged in the sum of $1,565.16, alleged to be due and owing upon a workmen's compensation policy and a public liability policy which Wilson had with the NIU. Wilson paid $300 to the receiver in settlement of the suit and the same was dismissed with prejudice on July 19, 1940. At the time this dismissal took place, the liability of the subscribers at the exchange for the assessment involved in the present suit had not been fixed and determined. The judgment in Cause No. 63621, Kelly v. Linz was not rendered until March 8, 1941.

The trial court concluded as a matter of law that the cause of action asserted in the present suit "is separate and distinct and different from the cause settled and released on June 19, 1940, styled Keith Kelly, Receiver, v. Sam E. Wilson, Jr., in the 17th Judicial District Court of Texas (Cause No. 28420-A), and the release did not cover the cause here sued on and is no bar" and that appellant's "pleas of res adjudicata and release are not well taken."

■ We are of the opinion that the trial court's holdings were correct. The following statement from appellee's brief accurately describes the relationship of the subscriber at a reciprocal exchange, viz.:

"The subscribers at a reciprocal exchange are not only policyholders thereat and as such entitled to the protection afforded by the policies and required to pay the premiums stipulated in the policies; but they also own the insurance business just as stockholders own their corporation. They are the owners of their insurance exchange, and as such are entitled to reap the profits accruing from the operation of their insurance business and are also required to pay their pro rata part of the losses and expenses incurred at the exchange. It is their liability to pay their pro rata part of the losses and expenses that take the place of the capital structure of the exchange. When called upon to pay an assessment for his pro rata part of the losses, the subscriber at the exchange stands in the position of a stockholder in a stock insurance company whose capital structure has become depleted and who is required to pay a certain amount on each share of stock he owns into the coffers of the company to remove the deficit."

■ While the initial charges for the policies issued by the exchange were set by the Board of Insurance Commissioners, Richardson v. Kelly, Tex.Civ.App., 179 S. W.2d 991, the liability assumed by the subscriber who occupies the dual position of insured and insurer is not limited to the payment of said stipulated amounts designated as premiums. If the sum of the premiums or initial payments made to the exchange are insufficient to meet the liabilities incurred at the exchange (as was the case with the NIU), the subscribers are subject to an additional assessment for their pro rata part of the losses which may be fixed by means of a class suit.

■ The fact that Wilson compromised and settled his premium or initial liability to the exchange did not affect his liability for the payment of an assessment thereafter legally levied. Moore v. Snowball, 98 Tex. 16, 81 S.W. 5, 66 L.R.A. 745, 107 Am.St. Rep. 596; Ama-Gray Oil Co. v. Marshall, Tex.Civ.App., 212 S.W.2d 960.

All of appellant's points are overruled and the judgment appealed from is affirmed.