**L. C. JONES, Appellant,**

v.

**C. H. LANGDEAU, Receiver of and for Allied Underwriters, Appellee.**

No. 10691.

Court of Civil Appeals of Texas.

Austin.

May 6, 1959.

Rehearing Denied May 27, 1959.

Gill & Land, Oklahoma City, Okl., John C. Foshee, Arthur P. Bagby, Austin, for appellant.

Lockhart & Brooks, Cecil C. Rotsch, Austin, for appellee.

HUGHES, Justice.

This is a suit by substitute receiver C. H. Langdeau of and for Allied Underwriters, a reciprocal insurance exchange, against appellant L. C. Jones to recover the amount of premiums booked and earned during the period from December 31, 1940 to May 25, 1941, on policies of insurance issued to appellant by Allied Underwriters. This suit was instituted pursuant to a judgment entered in the court below February 16, 1949, fixing the assessment liability of policyholders of Allied Underwriters.

Appellee's motion for summary judgment was granted and this appeal lies from that judgment.

The single point of error contained in appellant's brief is that the rendition of a summary judgment was error because a genuine issue of fact was presented by the pleadings and his affidavits.

As we understand appellant's position a material question of fact would be presented only in the event that he is correct in contending that appellee's cause of action arose on February 16, 1949, the date of the trial court judgment in the assessment suit, such question of fact relating to the diligence exercised by appellee in obtaining service of citation on appellant in this cause.

The judgment in the assessment was appealed to this Court and it is our opinion that the right to use such assessment judgment as a basis for this suit was deferred until the judgment in the assessment suit became final. Since this suit was filed and service obtained on appellant within four years [1] from the date on which the assess-

---

1. Art. 5527, Vernon's Ann.Civ.St. This four year statute of limitations is apparently the statute considered applicable by the parties.

ment judgment became final the question of diligence in procuring service on appellant is immaterial.

The dates and occurrences material to our decision follow:

February 16, 1949.

Class action judgment in assessment suit rendered and entered in Trial Court.

October 26, 1949.

Opinion of this Court affirming judgment of Trial Court in assessment suit. Archie v. Knox, Tex.Civ.App., 224 S.W.2d 504.

November 16, 1949.

Motion for rehearing in Archie v. Knox overruled by this Court.

January 18, 1950.

Application for writ of error in Archie v. Knox denied by Supreme Court, no reversible error.

February 22, 1950.

Motion for rehearing of application for writ of error in Archie v. Knox overruled by Supreme Court.

February 24, 1950.

Mandate in Archie v. Knox issued by this Court.

February 25, 1950.

Mandate in Archie v. Knox filed in Trial Court.

February 26, 1952.

The instant suit was filed against appellant L. C. Jones.

July 9, 1953.

Appellant was served with citation in this cause.

The only other material fact to be stated is that appellant was not a party to the assessment suit. Archie v. Knox.

We quote and adopt the following statement of law made by appellant in his brief:

"While Plaintiff [appellee] has a personal judgment against the named subscribers in the suit to fix the assessment, he has only a cause of action, based on the order of assessment, against the un-named subscribers in such suit. 1 McDonald, Texas Civil Practice, Sec. 3.37, p. 283. The four year statute of limitations applies in suits on assessment judgments. Ama-Gray Oil Co. v. Marshall, [Tex.Civ. App.], 212 S.W.2d 960 (no writ history)."

We believe that the case of Van Natta v. Van Natta, Tex.Civ.App., Amarillo, 200 S.W. 907, 908, writ ref., is applicable to and adversely answers appellant's contention that the right to sue on the judgment in Archie v. Knox accrued prior to the time such judgment became final. We quote from that opinion:

"The effect of an appeal on a judgment was thoroughly considered by the Supreme Court of this state in the case of Texas Trunk Ry. Co. v. Jackson, 85 Tex. [605], 608, 22 S.W. [1030], 1032. The different theories of the law as to such matters were there considered, and the court, after announcing that it felt authorized to adopt the rule supported by the better reason and most likely to secure the ends of justice, made this statement of its conclusion:

" 'We are of opinion that appeal or writ of error, whether prosecuted under cost or supersedeas bond, during pendency deprives a judgment of that finality of character necessary to entitle it to admission in evidence in support of the right or defense declared by it; and from this necessarily follows the insufficiency of a plea in bar based on it. That, under the statute, execution may be issued and the judg-

ment be enforced during the appeal when only a cost bond has been given, does not affect the question; for this is by virtue of the statute, which does not undertake to determine the status of the judgment in reference to any matter involved in the question certified.'

"It was held in the case of Cunningham v. Holt, 12 Tex.Civ.App. 150, 33 S.W. [981], 982, that a judgment from which an appeal had been taken will not support a plea of res adjudicata. If such a judgment cannot be pleaded in bar or as res adjudicata, nor offered in evidence in support of a right or defense declared by it, it follows inevitably that suit cannot be maintained on such judgment, for necessarily it would have to be offered in support of the right declared by it and made the basis of the suit."

See also Tex.Jur. Vol. 26, Judgments, Secs. 383-4, Vol. 3-A, Appeal and Error, Sec. 339.

It is unnecessary that we determine the effect of the issuance of a mandate on the finality of a judgment of affirmance. We hold that the judgment in Archie v. Knox could not have become final prior to the date on which the Supreme Court overruled the motion for rehearing of the application for writ of error in that cause. See Rules 484, 515, Texas Rules of Civil Procedure. This suit was filed and service on appellant was obtained within four years from this date.

Since the basis of this suit was the judgment in Archie v. Knox it is our opinion that such judgment would not support a suit based on it prior to the time such judgment became final as above stated.

We will now discuss the authorities relied upon by appellant to sustain his position.

McLean v. Morrow, Tex.Civ.App., Beaumont, 137 S.W.2d 113, writ dism., c. j.

Appellant cites this case as holding that in a suit on an assessment judgment, as here, the statute of limitations begins to run from the date of the order [judgment] of assessment.

That opinion discloses that the "final order" in the assessment suit was entered May 1, 1933. Suit on such order or judgment was commenced against the policyholder on June 10, 1936. The court held that limitation did not begin to run "until the court entered the order of assessment." There is no showing that an appeal was taken from the assessment judgment and nothing to show that it was not a final judgment on a date less than four years before the suit against the policyholder was instituted. If it were a final judgment within four years before the suit was brought then it would be a proper basis for the suit and not affected by limitations.

Williams v. Knox, Tex.Civ.App., Galveston, 207 S.W.2d 151, writ ref., N.R.E.

In this case the assessment judgment was rendered in the Trial Court on September 5, 1945, and the suit against the policyholder was filed February 18, 1946. The assessment suit was appealed and was affirmed by the Court of Civil Appeals in January, 1946 and a writ of error was later denied by the Supreme Court. The suit against the policyholder may have been filed prematurely but certainly the court was correct in holding that it was not barred by limitations. The court followed McLean v. Morrow, supra, as to when limitations began to run.

Camp v. Knox, Tex.Civ.App., Galveston, 210 S.W.2d 599, writ dismissed.

This suit involves the same assessment judgment referred to in Williams v. Knox, supra. The suit against the policyholder was filed May 22, 1946. The court, citing the two cases above discussed, held the action was not barred by limitations.

Younger Bros. v. Knox, Tex.Civ.App., Galveston, 217 S.W.2d 41, Galveston Civil Appeals, writ ref., N.R.E.

**328**

This case also involves the assessment judgment of September 5, 1945, referred to above. The opinion does not show when the suit against the policyholder was filed. However the opinion of the Court of Civil Appeals was handed down on January 13, 1949. It is obvious that the court was correct in holding that the suit was not barred by limitations and that it was not concerned with the date on which the assessment judgment of September 5, 1945 became final.

Appellant disposes of Texas Trunk Ry. Co. v. Jackson, 85 Tex. 605, 22 S.W. 1030, quoted in our quotation from Van Natta, supra, and cases following it by saying that the facts in those cases are not similar to those presented here.

We agree with this statement but are convinced that the principle of those cases is applicable here. No contrary authorities have been cited to us or found by us which depart from the Van Natta decision or the Supreme Court decision upon which it is based. We follow it and hold that this cause is not barred by the statute of limitations.

The judgment of the Trial Court is affirmed.