# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00373-CV

**Physicians, Surgeons and Hospitals Professional Services, Inc., Appellant**

**v.**

**Texas Hospital Insurance Exchange, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. C98-077B, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

Appellant Physicians, Surgeons and Hospitals Professional Insurance Services, Inc. (AProfessional Services@) sued Texas Hospital Insurance Exchange (Athe Exchange@), alleging breach-of-contract and tortious-interference-with-contract claims. The trial court granted summary judgment for the Exchange. Professional Services asserts two issues complaining that the trial court erred in granting summary judgment because Professional Services raised a material fact issue regarding each of its claims and the Exchange failed to establish an affirmative defense as a matter of law. We will affirm the judgment of the trial court.

## BACKGROUND

In December 1997, Professional Services was an insurance agency that solicited a professional liability insurance policy for McKenna Memorial Hospital (AMcKenna@), an insured member of

the Exchange. Although Professional Services did not have a contractual relationship with the Exchange, it was a subagent for J. Menna Insurance Agency (AMenna@), which was an independent insurance agency authorized to place business with the Exchange under an Agency-Company Agreement. The agreement between Menna and the Exchange limited commissions to 12.5 percent for business placed through subagents. In December 1997, Professional Services solicited a renewal professional liability insurance policy as well as a renewal comprehensive general liability policy and an umbrella directors, officers, and trustees liability policy. The premium that Professional Services proposed to charge McKenna for the renewal of these coverages with the Exchange included the standard 12.5 percent commission plus an approximate 100 percent Aadditional commission.@ This additional commission, in effect, doubled the cost of the insurance to McKenna.

Professional Services does not dispute that it failed to reveal to McKenna that it was charging the additional commission. When the Exchange was informed of the additional commission, however, its president Robert L. Dion determined he had a fiduciary duty to ensure that McKenna was informed. Initially, Dion contacted the president of Professional Services, Ron Romero, to discuss the matter. After determining that Romero=s reaction was inadequate, Dion contacted McKenna=s Chief Executive Officer, Ray Harris, and informed him of the additional commission. Dion informed Harris of the additional commission that would be paid to Romero if McKenna approved. Harris declined to approve the expenditure, and McKenna subsequently terminated its relationship with Romero and Professional Services. McKenna ultimately obtained insurance coverage through another agent and with another insurer.

2

Professional Services subsequently filed this suit, alleging breach-of-contract and tortious-interference-with-contract claims. The trial court granted summary judgment for the Exchange, and Professional Services appeals to this Court.

## STANDARD OF REVIEW

The standard for reviewing the granting of a motion for summary judgment is well established. Summary judgment is proper if the defendant, as the movant, disproves at least one element of each of the plaintiff's claims or establishes all elements of an affirmative defense to each claim. *See American Tobacco Co. v. Grinnell*, **951 S.W.2d 420, 425 (Tex. 1997). The movant has the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law.** *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). **In deciding whether there is a disputed material fact issue precluding summary judgment, proof favorable to the non-movant is taken as true and the court must indulge every reasonable inference and resolve any doubts in favor of the non-movant.** *See Nixon*, **690 S.W.2d at 548-49.** In the order granting summary judgment in favor of the Exchange, the court did not state the specific grounds for its ruling. Therefore, we will affirm if any of the theories advanced in the Exchange=s motion for summary judgment are meritorious. *See **Carr v. Brasher***, 776 S.W.2d 567, 569 (Tex. 1989).

When this Court reviews the granting of a summary judgment, issues not expressly presented to the trial court in the written summary judgment motion, answer, or other response cannot be considered on appeal as grounds for reversal. *City of Houston v. Clear Creek Basin Auth.*, **589 S.W.2d 671, 677 (Tex. 1979); Tex. R. Civ. P. 166a(c)(ii). The mere filing of an amended petition after a**

**motion for summary judgment is filed does not constitute a response to the motion.** *Clear Creek Basin Auth.*, **589 S.W.2d at 678. Further, a trial court can only consider pleadings and proof on file at the time of the hearing, or items filed after the hearing and before judgment with the permission of the court.** *Leinen v. Buffington=s Bayou City Serv.*, **824 S.W.2d 682, 685** (Tex. App.CHouston [14th Dist.] 1992, no writ).

## BREACH OF CONTRACT

In its first issue, **Professional Services** contends that the trial court erred in granting summary judgment on its breach-of-contract claim, because the affidavit proof submitted by the Exchange and the no-evidence grounds asserted by the Exchange did not establish that there was **no genuine issue of material fact and that it was entitled to judgment as a matter of law. In order to prevail on a breach of contract claim, Physician Services must prove: (1) the existence of a valid contract, (2) its compliance with the terms of the contract, (3) the Exchange=s breach of the contract, and (4) damages as a result of the breach.** *See Scott v. Sebree*, **986 S.W.2d 364, 372 (Tex. App.CAustin 1999, pet. denied).**

Professional Services, the plaintiff in the underlying suit, alleged in its First Amended Original Petition, filed January 10, 2001, that A[t]he activities of the [Exchange] are a direct and anticipatory breach of the Limited Agency Agreement.@ Our review of that contract, however, established that Professional Services was not a party to that contract. Accordingly, the Exchange could not breach **a contract with respect to Professional Services if Professional Services was not a party to the contract.**

4

Furthermore, in Professional Services=s response to the Exchange=s motion for summary judgment, Professional Services never disputed the Exchange=s summary judgment evidence that no contractual relationship existed between the two parties; Professional Services presented no evidence of a contractual relationship between the parties.

On appeal to this Court, Professional Services asserts in its brief that an implied contract existed between the parties. This argument, however, is presented for the first time on appeal. Accordingly, we do not reach the substance of this argument because it has been waived. *See* **Tex. R. Civ. P. 166a(c) (AIssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.@);** *Clear Lake Basin Auth.*, **589 S.W.2d at 677.**

Because Professional Services failed to present evidence to establish a direct contractual relationship between the parties and because it has waived an argument regarding a breach of an implied contract, we overrule Professional Services=s first issue.

**TORTIOUS INTERFERENCE WITH CONTRACT**

In its second issue, **Professional Services** contends that the trial court erred in granting summary judgment on its claim for tortious interference with contract because the Exchange=s proof did not establish all elements of the affirmative defense of justification to that claim. We disagree.

Alleged interference with a contractual relationship is excused if it is legally justified. *See Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690-91 (Tex. 1989); *Barker v. Brown*, 772 S.W.2d

5

507, 511 (Tex. App.—Beaumont 1989, no writ); *Davis v. Lewis*, 487 S.W.2d 411, 414 (Tex. Civ. App.—Amarillo 1972, no writ). Specifically, interference does not include the exercise of one=s own rights in a transaction or the exercise of an equal or superior right. *See Sterner*, 767 S.W.2d at 691; *Barker*, 772 S.W.2d at 512. And furthermore, recounting truthful information is not improper interference. *Tarleton State Univ. v. Rosiere*, 867 S.W.2d 948, 953 (Tex. App.—Eastland 1993, writ dism=d by agrmnt). Our review of the record indicates that the uncontroverted evidence established that McKenna was a member and subscriber of the Exchange and that McKenna had granted the Exchange power of attorney to engage in any act that McKenna could engage in with respect to its insurance contracts with the Exchange. Professional Services does not deny that the Exchange and McKenna were in a relationship of insurer and insured. Moreover, the uncontroverted evidence established that the Exchange and McKenna were in an existing fiduciary relationship of principal and agent because of the power of attorney granted by McKenna. *See Plummer v. Estate of Plummer*, 51 S.W.3d 840, 842 (Tex. App.—Texarkana 2001, pet. denied). Furthermore, the uncontroverted evidence established that the Exchange was a reciprocal insurance exchange organized under article 19.01 of the insurance code. *See* Tex. Ins. Code Ann. art. 1901 (West 1981 & Supp 2002).[1] In a reciprocal insurance exchange, the subscriber is not only a policyholder/insured, but is also an owner of the business, just as stockholders are owners of a corporation. *Wilson v. Marshall*, 218 S.W.2d 345, 346 (Tex. Civ. App.—Waco 1949, no writ). Accordingly, the Exchange=s

---

[1] Effective June 1, 2003, article 19.01 of the insurance code is repealed. *See* Act of May 22, 2001, 77th Leg. R.S., ch. 1419, ' 31(a), 2001 Tex. Gen. Laws 3658, 4208. This article will be replaced by chapter 942 of the recodified insurance code. *See id.*, ' 1, at 3990-96. We provide this citation for the convenience of the reader.

communications with McKenna were not only communications between an insurer and insured or a principal and agent, but were also communications between a company and one of its owners. Therefore, the Exchange was justified in sharing material and truthful information regarding the additional commission.[2] Professional Services=s second issue is overruled.

## CONCLUSION

Having overruled both of Professional Services=s issues, we affirm the judgment of the trial court.

Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

---

[2] We note that the Exchange further argues in its brief to this Court that it provided summary judgment evidence negating the element of causation regarding Professional Services=s tortious-interference-with-contract claim. Because we conclude that the Exchange has established all elements of its affirmative defense regarding this claim, we need not reach this issue. *See American Tobacco Co. v. Grinnell*, **951 S.W.2d 420, 425 (Tex. 1997).**

Furthermore, we note that Professional Services raises additional arguments in its brief for the first time on appeal regarding its tortious-interference-with-contract claim. These arguments have been waived for the reasons stated under our discussion of Professional Services=s first issue. *See* Tex. R. Civ. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, **589 S.W.2d 671, 677 (Tex. 1979)**. Accordingly, we need not address these arguments.

Filed:   July 26, 2002

Do Not Publish