Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of PAUL URBAN, as Administrator of PAUL URBAN, JR., Deceased, Respondent, for Compensation under the Workmen's Compensation Law, for the Death of His Intestate, v. TOPPING BROTHERS, Employer, and ALLIED MUTUALS LIABILITY INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 13, 1918.

**Workmen's Compensation Law — when determination of material question not waived — accident after working hours on premises — when not arising out of employment.**

Where, preliminary to the taking of evidence before the Deputy Commissioner in proceedings under the Workmen's Compensation Law, the Commissioner inquired if the case was contested and was informed that it was, on the ground that the accident did not arise out of the employment, and again at an adjourned hearing a ruling on this question was asked, the determination of said question was not waived by proceeding with the trial of the case on other grounds.

Where an assistant order clerk in a wholesale hardware establishment had washed up, put on his coat, and gone to the door to go out at five-thirty-five, his quitting time being five-thirty, but, remembering that companions with whom he usually went home were still in the building, returned, and while in search of them thrust his head into an elevator shaft and was crushed by a descending car, the accident did not arise out of his employment, as his act of returning and other acts thereafter were voluntary.

KELLOGG, P. J., dissented.

APPEAL by the defendants, Topping Brothers and another, from an award of the State Industrial Commission, made on the 20th day of May, 1918.

*Arthur Butler Graham* [*Howard J. MacLachlan* of counsel], for the appellants.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* counsel to State Industrial Commission, for the respondents.

LYON, J.:

The serious question involved upon this appeal is whether the injury arose out of and in the course of the employment.

Paul Urban, the deceased, was injured while at work for Topping Brothers. He died on December 7, 1917, as the result of an accident on the day before. Preliminary to the taking of evidence the Deputy Commissioner inquired as follows: " Is this case contested? Mr. Spiegel [Plaintiff's attorney]: It apparently is. Mr. Archer: Contested on what ground? Mr. Gardiner: On the ground the case does not rightfully come under the Compensation Law. Mr. Archer: That he wasn't engaged in a hazardous occupation? Mr. Gardiner: No, the accident was not one that arose out of and in the course of employment." The case is stated by the attorney for the claimant as follows: " Mr. Spiegel: This concern ceased work at 5:30. The accident occurred at 5:35, five minutes really after quitting time. Mr. Archer [Deputy Commissioner]: On the premises? Mr. Spiegel: Yes. A good many employees had left the place, but my man and several others were still on the premises although they quit actual work. There was an elevator on the premises and the deceased had stepped up to the elevator in order to call two co-employees with whom he usually went home. He didn't find them on his floor. In order to call them he looked into the elevator shaft. This elevator shaft had a door in front of it which had a square opening about the height of a man's head, and as he put his face in there to call for these friends at that moment the elevator descended and he sustained injuries from which he died. The contention is not so much that while he was on the premises the accident occurred but in the course of his employment. My friend's contention is, possibly, that it did not arise out of and in the course of his actual employment. That is the only bone of contention. I think everything else is conceded. There would be no dispute to anything else. We would like a ruling if this falls within the Compensation Law. Mr. Archer: What's your statement? Mr. Gardiner: The man had finished his work for the day, had washed up, had put on his coat and hat and started out, and then returned to call down the elevator shaft to — Mr. Archer: By ' started out ' you mean he actually left the premises? Mr. Gardiner: No, he had gone as far as the door and came back simply for his personal business and not

in connection with anything relating to his employment. * * * Then the question of dependency is also disputed, after we come out of that. Mr. Archer: I believe you have agreed absolutely on the statement of fact. Mr. Spiegel: I believe so. Mr. Archer: Let's go ahead and try the question of dependency. * * * Mr. Gardiner: The Commissioner hasn't decided as yet that he comes under the Compensation Law? Mr. Archer: No, I have made no decision yet, but I think you have agreed on the question of fact. Case is adjourned."

On Monday, April 8, 1918, the hearing was resumed, and the attorney for the insurance carrier said: " Mr. Gardiner, we were to have a decision as to whether or not it was in the course of his employment. Did the Commissioner go into that? Deputy Com'r Archer: I think it was. However, that will be part of my study of the case, but I think it was — my mind is still open on the matter. Call your witness." The treasurer of the employers and the plaintiff's father were then examined. Adjournment was then had until April fifteenth, when the following appears on the record: " Mr. Archer: This is a dependency case, as I understand it, and everything is stipulated except the question of dependency. Mr. Gardiner: Yes. Mr. Archer: We attempted to hear this case last week but became convinced that an interpreter was necessary, hence the adjournment to this date. We have an interpreter now and will proceed with the case on the question of dependency." The plaintiff's father and mother were examined at length. The meetings of March twenty-eighth, April eighth and fifteenth are the only occasions on which the matter of whether the accident arose out of and in the course of the employment were discussed. Hearings were had on April 22, May 8 and May 20, 1918, at none of which was there an appearance except at the meeting at which an allowance was made to claimant's attorney for legal services. The award appealed from was made May twentieth, in which this statement appears: " At the hearing held on April 15, 1918, it was stipulated on behalf of the employer and insurance carrier that the only question raised in this case was the question of dependency of the claimants." It was found as a conclusion of fact: " 4. The injuries which resulted in the

death of Paul Urban, Jr., were accidental injuries, and arose out of and in the course of his employment."

It was plainly the intention of the attorney for the employer and insurance carrier not to waive the question as to the accident not having arisen out of and in the course of the employment. It was understood that the statement of claimant's attorney made at the meeting of March twenty-eighth was a stipulation of the facts as to the manner in which the decedent's death was caused,. and not a stipulation that the question was not in the case. The proceedings of April eighth make this plain. No further proof was offered upon the subject, and it is evident that the fact of the manner of decedent's death had passed from the mind of the Commissioner at the time the award was made, or that he reached the conclusion that the accident arose out of and in the course of the young man's employment. From the decision of the Commission we judge the former to be the case. It is a material point of law in the case and we shall, therefore, discuss it.

The decedent had plainly finished his employment which was assistant order clerk in a wholesale hardware business, laying out goods on order. He had washed up, put on his coat and hat and gone to the door to go out. It was five-thirty-five. His quitting time was five-thirty. Remembering that the companions with whom he usually went home were still there he returned; not finding them in the room upstairs, he thrust his head in the open space and called to them. The descending elevator crushed his head. At the time he met his death he was not engaged in the business of his employment. He had ceased that. His act of turning back, looking about the room for his companions, and putting his head into the elevator shaft was his own voluntary act. He had deviated from the direct and ordinary route of passage for purposes of his own.

The award must be reversed and the case dismissed.

All concurred, except JOHN M. KELLOGG, P. J., dissenting.

Award reversed and claim dismissed.