**AMA–GRAY OIL CORPORATION v. MARSHALL.**

**No. 14701.**

Court of Civil Appeals of Texas. Fort Worth.

Jan. 11, 1946.

Rehearing Denied Feb. 15, 1946.

Sanders, Scott, Saunders & Smith, of Amarillo, for appellant.

Marion B. Solomon, of Dallas (Haddaway & Denny, of Fort Worth, of counsel), for appellee.

BROWN, Justice.

Since writing the original opinion in the case at bar, a motion for a rehearing, in Richardson et al. v. Kelly, Receiver, 191 S. W.2d 857 (which cause was then pending in the Supreme Court to await disposition of such motion) was granted by the Supreme Court on December 29, 1945, the original opinion in such cause which was handed down on May 2, 1945, was withdrawn, and the Supreme Court handed

down its opinion affirming the judgment of the trial court and the judgment of the Court of Civil Appeals, 179 S.W.2d 991, which had affirmed the trial court's judgment.

Having reached our conclusions in the case at bar because of the holdings of the Supreme Court in its said opinion of May 2, 1945, it now becomes necessary for us to withdraw and we do withdraw here and now the original opinion handed down by us on July 13, 1945, and we grant the appellee's motion for a rehearing, and substitute the following as the opinion of the court:

This appeal is from an order overruling a plea of privilege.

National Indemnity Underwriters of America became insolvent and at the instance of the State of Texas the 98th District Court of Travis County appointed a receiver for said insurance association, which is and was a "reciprocal insurance association."

The said receiver brought the instant suit against Ama-Gray Oil Corporation alleging that same was one of the "subscribers" of the said insurance association; that each and all of such subscribers "reciprocally engaged and bound themselves to indemnify each other and one another against losses and hazards described in the said policy or policies issued to each of them * * * and obligated themselves for the payment of his or its pro rata proportion of the indemnity granted by the subscribers at said association, including all expenses incurred. That the manner in which the insurance was effected and exchanged at said association by the subscribers thereat by and through their attorney-in-fact, and the nature of the contracts and power of attorney by and through which the aforesaid insurance was effected and exchanged and the nature of the obligations and undertakings of the subscribers thereat *are all fully adjudicated and described in the .judgment rendered in cause No. 63621, hereinafter described."* (Italics ours.)

The petition alleges the insolvency of the insurance association and that such "fact was judicially ascertained and determined by the aforesaid judgment of the court in cause No. 63621, *ascertaining and fixing the assessment liability of the sub-*

*scribers at said association, including each defendant herein."* (Italics ours.)

Then follow lengthy allegations concerning the bringing of said cause by the then receiver Keith Kelly, against Nick Linz and others, in which judgment was rendered against twenty-eight alleged "representative subscribers" of the association; that judgment was rendered against each such defendant individually "and as representatives of all the other subscribers at said association as a class, including the defendants herein fixing the amount by which the liabilities of said National Indemnity Underwriters of America exceeded its assets, and fixing liability of the various subscribers at said association as insurers thereat at 100 per cent of the premiums booked and carried on the policies of insurance held by such subscribers for the period beginning September 30, 1936, and to and including December 28, 1937; that said judgment is not appealed from and is now valid, subsisting and final."

The next paragraph sets forth the fact of the large number of subscribers, the necessity for the asserted "class suit," the adjudication of such facts and of the liability of the named defendants and all other subscribers, and that such "final judgment" decrees the payment of the sums owed by each subscriber "to the plaintiff herein with interest at 6 percent from the date of said judgment, to-wit: March 8, 1941."

The next paragraph alleged: "That each defendant herein was a subscriber * * * and by virtue of the judgment rendered in the aforesaid cause No. 63621 became liable to plaintiff herein * * * for an assessment for an amount of money equal to 100 percent of the premiums booked and earned on the policies of insurance held by said defendant at said association during the aforesaid period."

Next follow descriptions of such insurance policies and the amounts of the premiums. The allegations that the policies described were issued to, accepted and retained by the defendant and is estopped to deny his liability "for the assessment herein described and the relief sought herein," and the allegations that demand had been made upon the defendant and payment refused, add nothing to the pleading so far as it may be contended that any alternative cause of action was pleaded.

The prayer is for judgment for the amount of the assessment shown "with interest thereon from March 8, 1941, at 6 per cent per annum," and costs, and concludes: "and for such other and further relief, general and special, in law and in equity, to which he may show himself entitled."

The defendant is a dissolved corporation and its president at the time of its dissolution is now and was a resident citizen of Gray County, and service of process was had upon him.

The defendant filed a plea of privilege to be sued in Gray County and the receiver filed a controverting plea in which he alleged in substance: That he adopted the allegations of his original petition and made such pleading a part of his controverting plea, and that the allegations therein are true; that as the duly qualified receiver he is authorized to sue; that the defendant was a subscriber, as aforesaid, and is sued on its reciprocal contracts, "its liability thereunder as well as the liability of all other subscribers at said exchange during the aforesaid period having been determined by a judgment rendered in cause No. 63621 by the 98th Judicial District Court of Travis County, Texas, styled 'Keith Kelly, Recv'r v. Nick Linz et al.' as is fully alleged in plaintiff's petition."

He then alleges that plaintiff is entitled to maintain this suit in Tarrant County under subdivision 23 of Article 1995, Revised Civil Statutes, Vernon's Ann.Civ.St. art. 1995, subd. 23, the defendant being a corporation and the cause of action or a part thereof having arisen in Tarrant County.

One Battles, an employee of the receiver, testified with reference to the assessment made against the defendant: "A true copy of the decree in cause No. 63621, styled Keith Kelly v. Nick Linz et al., has been initialed by me and marked Exhibit No. 35 (Introduced in evidence as plaintiff's exhibit No. 45). No appeal has been taken from said decree. The assessment about which I testified was made under the provisions of said decree." The decree referred to having been put in evidence it discloses that Ama-Gray Oil Corporation was not a party to such suit. The cause being tried to the court, the plea of privilege was overruled, and the trial court filed findings and conclusions, in substance, as follows: The facts in connection with the insurance association, the fact of its insolvency, the suit brought for a receivership, the appointment of the receiver, the order of the trial court requiring the receiver to bring suit against the subscribers, the bringing of cause No. 63621 and the final judgment therein; and then the court finds: "That the liability of the subscribers at said exchange on their insurance contracts during the period from September 30, 1936, to December 28, 1937, was fixed and determined by judgment rendered by the 98th District Court of Travis County, Texas, on the 8th day of March, 1941, in a suit instituted by plaintiff's predecessor, Keith Kelly, against a representative group of subscribers, said cause being styled 'Keith Kelly, Receiver v. Nick Linz, et al.' and numbered 63621; that the said judgment is final, valid and subsisting, and no appeals have been taken therefrom."

The trial court then finds the findings and holdings of such district court, and quotes at length from the judgment. Next the court finds that defendant's application for insurance was accepted in Tarrant County; that the policies of insurance were issued in such county, and each placed in force in such county, and each was put in the mails in such county for delivery to the defendant.

The court concludes that the plaintiff has established his cause of action; that a part of such arose in Tarrant County; that defendant is bound by the assessment decree rendered in cause No. 63621, and that venue lies in Tarrant County under subdivision 23 of Article 1995, R.C.S.; and overruled the said plea.

It is obvious that the plaintiff has brought this suit on the theory that the decree in said cause No. 63621, referred to many times herein, has established and fixed liability as against the defendant because such cause brought by the receiver was "a class suit" and although the defendant was not a party to it by reason of being a member of "the class," was and is bound by the decree, and that the amount owing was all that is necessary to prove.

Accordingly, upon the authority of the latest pronouncement and judgment in the Richardson case, we affirm the judgment of the trial court.