### MINOR et al. v. WASHINGTON TERMINAL CO., Inc.

#### No. 10096.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 9, 1949.

Decided Jan. 3, 1950.

Mr. Charles S. Brown, Washington, D. C., for appellants.

Mr. William B. Jones, Washington, D. C., with whom Mr. George E. Hamilton, Jr., Washington, D. C., was on the brief, for appellee.

Before McALLISTER, sitting by designation, CLARK and BAZELON, Circuit Judges.

BAZELON, Circuit Judge.

Plaintiffs brought suit charging defendant company, their former employer, with breach of those sections of a collective bargaining agreement dealing with seniority, reduction in force, classification, work-day and work-week, and asked for injunctive and declaratory relief, discovery and damages. The lower court awarded summary judgment to defendant (appellee here), pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. No appeal is directed to that part of the judgment disposing of counts 3, 6, 9, 12 and 14 of the complaint.

After denying the breach alleged in the complaint, appellee asserted that, even if such a breach had occurred, appellants were barred from relief because of their failure to exhaust the grievance procedure established by Rule 29 [1] of the collective

---

1. Rule 29 of the "Agreement between the Washington Terminal Company and Power Plant Employees and Shop Laborers" reads: "Should any employe subject to this agreement believe he has been unjustly dealt with or any of the provisions of this agreement have been violated, the case shall be taken to the foreman, general foreman, master mechanic and superintendent, each in their respective order by the employe, the duly authorized local committee or his General Chairman, within ten (10) days. If stenographic report of investigation is

bargaining agreement. This contention is based upon the premise that appellants were bound by all the terms of the agreement, whether benefits or obligations, without regard to whether such agreement predated their employment or had been contracted by a union of which they were not members.

There is no doubt that the agreement is generally binding upon employees even if they "did not see or sign it or know anything further about it." Earle Restaurant v. O'Meara, 1947, 82 U.S.App.D.C. 49, 50, 160 F.2d 275, 276; J. I. Case Co. v. N.L.R.B., 1944, 321 U.S. 332, 334–336, 64 S.Ct. 576, 579, 88 L.Ed. 762, 765–767; Dangel and Shriber, Labor Unions 342 (1941). But appellants' action is not based upon a disavowal of the agreement; instead, it is grounded in the theory that exhaustion of the grievance procedure, which is ordinarily a condition precedent to suit for breach of the substantive sections of the agreement, is excused in this instance because of appellee's own non-compliance with Rule 39. The latter rule provides: "The railway company will have printed, in book form, copies of the agreement and furnish a copy to each employe affected." By thus assuming the obligation to furnish copies, appellee subjected itself to a specified standard of conduct within the framework of the collective bargaining agreement. That standard, providing an explicit method of notice "to each employe affected," would seem to require that the company perform its notice-giving function before employees could be expected to follow the grievance procedure specified in Rule 29. See generally 3 Williston, Contracts 1952, 1957 (1936). If, as appellee says, appellants are seeking the benefits of the agreement without the burdens, the same may be said of appellee's insistence on exhaustion of grievance procedure in spite of its own alleged non-compliance with Rule 39.

Whether appellee performed the duty assumed by it, or, if it did not, whether appellants knew or ought to have known of Rule 29, is a genuine issue of fact raised by the pleadings, affidavits and depositions submitted herein. Thus, appellants Minor, Brown, Huntley and Oglesby, by their affidavits in opposition to the motion for summary judgment, claim:

" * * * that at no time prior to, during, or after my employment with said company have I been furnished with a copy of the agreement between the Washington Terminal Company and the International Brotherhood of Firemen and Oilers, Helpers, Roundhouse and Railway Shop Laborers of the Railway Employes' Department, A. F. of L., dated effective, January 16th, 1943, nor has the existence of such agreement ever been called to my attention by the said company though I understand and state upon information and belief that Rule 40 [sic] of said agreement provides, 'The railway company will have printed, in book form, copies of the agreement and furnish a copy to each employe affected.' that the procedure set forth in Rule 29 of said agreement has never been called to my attention, orally or written, by the Washington Terminal Company."

Bessie Crawford, the only appellant who did not execute the affidavit, also put the question of notice in issue. She stated in a deposition, taken by the appellee, that she received a rule book when first employed, but that it "was a fake, and was a lot different from the book we were supposed to have" and which was shown to her by her attorney and a "union man" after she left her job.

An examination of the complaint does not support appellee's contention that it discloses, expressly or by necessary inference, that appellants knew of the grievance procedure at the time they were discharged. At any rate, it is insufficient to clearly override their assertion by affidavit or deposition of lack of notice. Nor may the court, on motion for summary judgment, determine the credibility of appel-

---

taken the employe or local committee shall be furnished a copy. If the result still be unsatisfactory, the duly authorized general committee, or their representative, shall have the right of appeal, pref-

erably in writing, with the higher officials designated to handle such matters in their respective order and conference will be granted within ten (10) days of application. * * *"

lants' affidavits, as appellee suggests. "To proceed to summary judgment it is not sufficient \* \* \* that the judge may not credit testimony proffered on a tendered issue. It must appear that there is no substantial evidence on it, that is, either that the tendered evidence is in its nature too incredible to be accepted by reasonable minds, or that conceding its truth, it is without legal probative force." Whitaker v. Coleman, 5 Cir., 1940, 115 F.2d 305, 306, quoted in Miller v. Miller, 1941, 74 App. D.C. 216, 219, 122 F.2d 209, 212.

We must therefore conclude that whether appellee complied with Rule 39 or, if not, whether appellants had notice of the provisions of the agreement in any event, is a genuine issue of material fact which precludes the award of summary judgment.

The judgment below is reversed, except for that part of it dealing with counts 3, 6, 9, 12 and 14 (which were not involved in this appeal), and the cause is remanded for further proceedings in accordance with this opinion.