**FOWLER et ux. v. TEXAS EMPLOYERS' INS. ASS'N.**

No. 15229.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 9, 1951.

Rehearing Denied March 9, 1951.

374

Strasburger, Price, Holland, Kelton & Miller, and Royal H. Brin, Jr., all of Dallas, for appellants.

Burford, Ryburn, Hincks & Ford, and Howard Jensen, all of Dallas, for appellee.

McDONALD, Chief Justice.

Appellants Fowler and wife sued appellee for workmen's compensation because of injuries suffered by Mrs. Fowler, and in the alternative sued her employer for damages. Following motion by appellee for summary judgment, Rule 166–A, Texas Rules of Civil Procedure, the suit against the employer was severed from the compensation suit, and judgment was rendered in the compensation suit that appellants take nothing.

The motion for summary judgment was based primarily on the testimony of Mrs. Fowler, given in an oral deposition several months before the summary judgment proceeding, it being appellee's contention that her testimony showed, as a matter of law, that she did not receive her injuries in the course of her employment.

■ Appellants' first complaint is that the deposition shows that Mrs. Fowler did not clearly recollect some of the events surrounding the accident, and that testimony at a trial might clear up the uncertainties in her deposition testimony. Section (f) of Rule 166–A provides in part: "Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

The record before us shows no such opposition by appellants as is provided for by the above quoted rule. They filed no affidavits or other proof, and made no objection to the hearing. It is too late to suggest for the first time in their brief that they might have additional proof at a later trial.

■ Appellants say that the court was deprived of the opportunity of observing

the witnesses. The objection is untenable as to the testimony of Mrs. Fowler, because, for the purpose of passing on the motion for summary judgment, her testimony is to be taken as true.

■ Appellee relied also on three affidavits, two of them by employees of appellee, one of them by an employee of Mrs. Fowler's employer. Appellee paid compensation to Mrs. Fowler for several weeks after the accident. The three affidavits were to the effect that these payments were made under mistake as to the facts. Appellants say that the payments of compensation raised a presumption of liability for compensation, and that the affidavits of the employees in question should be treated as testimony of interested witnesses, which would raise only a jury question.

In the first place, if Mrs. Fowler's deposition testimony shows as a matter of law that she did not receive her injuries in the course of employment, the fact that compensation was paid to her would not raise a jury issue as to course of employment, even though the payment of compensation had been unexplained. We do not see how an implied admission of liability by appellee could override undisputed proof of non-liability. In the second place, the explanation provided by the three affidavits must be accepted as true, because the affidavits of the three employees were not controverted by any evidence, direct or circumstantial. It is a proper case for the application of the rule thus stated in Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904, 908: "It is the general rule that the testimony of an interested witness, such as a party to the suit, though not contradicted, does no more than raise a fact issue to be determined by the jury. But there is an exception to this rule, which is that where the testimony of an interested witness is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon, it is taken as true, as a matter of law."

■ Appellants appear to suggest that a workmen's compensation case is not a proper one for the rendition of a summary judgment. In most of such cases an issue of fact will arise which will prevent the rendition of a summary judgment, but there is no reason why the remedy should not be available in a case like the present one, where there can be no recovery if the injury was not received in the course of employment. If it appears as a matter of law that the injury was not received in the course of employment, it would be a useless procedure to try out other issues in the case.

■ In determining whether or not Mrs. Fowler's testimony raised a jury issue as to course of employment, we shall apply the same test we would apply to a motion by the insurance carrier for an instructed verdict, treating as true the evidence which is favorable to Mrs. Fowler, indulging in her favor all inferences that can reasonably be drawn from the evidence, and resolving all doubts against the insurance carrier. American Insurance Company v. Gentile Bros. Co., 5 Cir., 109 F.2d 732; Whitaker v. Coleman, 5 Cir., 115 F.2d 305; Minor v. Washington Terminal Co., Inc., 86 U.S.App.D.C. 71, 180 F.2d 10; Hoffman v. Partridge, 84 U.S.App.D.C. 224, 172 F.2d 275. The difficulty here lies, as in the case of instructed verdicts, not in stating the applicable tests, but in applying them to a given record.

■ The testimony, considered in the light most favorable to Mrs. Fowler, shows the following: She was employed as a saleslady in a large department store. Due to a prior illness, she was working only part time, from eleven o'clock in the morning until three in the afternoon. On the day of the accident she quit work about the usual time, went to the rest room to wash some shoe dye from her hands, and then went to another department in the store to shop for some clothes for herself. Appellants make mention of the fact that she was shopping for clothes of the colors required to be worn by employees in the store, but we attach no importance to such fact. She testified that

she bought most of her clothes in the so-called "store colors" so she could wear them in the store or elsewhere. She concluded her shopping in some fifteen or twenty minutes, and then returned to the rest room for the purpose of picking up a small comb she had left there during the noon hour. As she was about to enter the room another employee coming out of the room pushed the door outward, striking Mrs. Fowler, and causing the injuries complained of in the suit.

Under the holding in McKim v. Commercial Standard Ins. Co., Tex.Civ.App., 179 S.W.2d 357, writ refused, it must be said that Mrs. Fowler was not in the course of her employment while she was engaged in the shopping tour in another part of the store. Appellants say that if there was a deviation from her employment while she was shopping, the deviation ended when she started to the rest room to pick up the comb preparatory to leaving the store. They call attention to the rule allowing compensation for injuries received by an employee after his work for the day has ceased, and while he is in process of preparing to leave or leaving the employer's premises. For citations of many cases involving injuries received while entering or leaving the place of employment, see the annotations in 49 A. L.R. 424 and 82 A.L.R. 1043; and see also, 45 Tex.Jur., Workmen's Compensation, Section 120, p. 528, and 58 Am.Jur., Workmen's Compensation, Section 221, p. 726.

As we view the facts, they present not a question of deviation from the course of employment, but rather a question of termination of the employment for the day. Prior to the time of the shopping tour Mrs. Fowler had ended her day's work. There were no further duties for her to perform. Had she then left the store, she would have been entitled to workmen's compensation, generally speaking, for an injury sustained while in the act of leaving her employer's premises. But she did not elect to leave the premises when she quit work. She decided to engage in a personal undertaking which was not an incident of her employment. There was a definite breaking off from the course of her employment when she began her shopping tour. We are not able to see that there was thereafter a resumption of employment, or a return to the course of employment, to put it another way, when she went to the rest room to get the comb she had left there earlier in the day. Had she left the store at once after she quit work, it could be said, from the standpoint of right to compensation for an injury sustained while in the act of leaving the store, or preparing to leave, that her employment for the day would have ended when she left the employer's premises. But where she remained on the premises for a substantial length of time for the sole purpose of engaging in a personal undertaking having nothing to do with her duties of employment, it should be said as a matter of law, under the precise facts of the present case, that she terminated her employment for the day when she began her shopping, and that from that point of time on her role in the store was that of a customer rather than that of an employee.

Appellants cite cases allowing recovery of compensation where an employee comes back to the employer's premises to collect his pay, or to gather up his tools, and is hurt, but those cases are different from the one before us. In those cases, the employee comes again to the premises by reason of, and only by reason of, the prior employment. In the present case Mrs. Fowler remained on the premises in a role no different from that of any customer of the store. In other words, from the time she began shopping, she was in the store not by reason of her employment, but by reason of her purpose to carry out a purely personal undertaking.

In Southern Casualty Co. v. Ehlers, Tex.Civ.App., 14 S.W.2d 111, a young single man who resided in the village of Oak Grove was employed as an automobile salesman in what the court referred to as an undefined territory. On a particular evening he drove to another town 22 miles from Oak Grove to attend a dance, and to make sales, if possible, to two prospective purchasers. He interviewed

the two prospective customers, demonstrating a car to one of them, finishing with this work about eleven o'clock in the evening. He then remained at the dance for his own pleasure until midnight, or later, and on the return trip to Oak Grove was injured in a collision with another vehicle. The San Antonio Court of Civil Appeals declared that the salesman was well within the course of his employment while going from Oak Grove to the other town and while interviewing the prospective purchasers, and that, if he had returned to Oak Grove at the end of the interviews with the prospective customers, without stepping aside to do other things not connected with his employment, any injury sustained by him on the return trip would have been compensable. The court held, however, that his act in stepping aside from the course of his employment to engage for an hour in the personal pastime of dancing so interrupted the course and broke the continuity of his employment as to change his status and take him out of the protection of the compensation law. The court said that if he had resumed the actual course of his employment after dancing for an hour, and had thereafter been injured, the injury would have been compensable, but that, in going home from the dance after the continuity of his employment had been thus broken, he was not to be held as having resumed his employment. A situation similar in some respects was involved in Cercy v. Traders & General Ins. Co., Tex.Civ.App., 142 S.W.2d 512, writ refused, where the court declared that the employment in question had ended, or had been abandoned, prior to the time of the accident. Decisions from other states somewhat to the same effect are Urban v. Topping Brothers, 184 App.Div. 633, 172 N.Y.S. 432; Jones v. Herbert Equities, Inc., City Ct., 54 N.Y.S.2d 518; Id., 186 Misc. 163, 60 N.Y.S.2d 88, Id., 270 App. Div. 922, 62 N.Y.S.2d 612; and National Biscuit Company v. Litzky, 6 Cir.; 22 F. 2d 939, 56 A.L.R. 853.

We have examined all of the cases cited by appellants, but in none of them was there involved the situation which we have here, namely, an ending of the duties of employment for the day, followed by a definite, well defined break between the duties of employment and a purely personal mission of the employee on the employer's premises, the latter of such scope and character that it can easily be identified as something separate and apart and having nothing to do with, the duties of employment. As said earlier in this opinion, Mrs. Fowler's status was changed, by her own election, from that of an employee to that of a customer of the store, and nothing happened thereafter sufficient to re-establish the status of employee. It is our belief that the judgment for defendant was proper.

Judgment affirmed.