**HURLEY v. KNOX.**

No. 15280.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 30, 1951.

Rehearing Denied Dec. 28, 1951.

Clark, Coon, Holt & Fisher, of Dallas, for appellant.

Critz, Kuykendall, Bauknight & Stevenson, of Austin, for appellee.

RENFRO, Justice.

On October 26, 1951, we handed down an opinion reforming and affirming the judgment of the trial court. After further consideration of the case, we have concluded that we were in error in reforming said judgment. We hereby grant appellee's motion for rehearing and withdraw our original opinion and substitute the following as the opinion of the majority of the court.

This suit was brought by Will G. Knox, Receiver of Texas Fire and Casualty Underwriters, against O. S. Hurley. From a summary judgment in favor of the Receiver appellee, Hurley, appellant appeals.

The Texas Fire and Casualty Underwriters was a reciprocal insurance exchange created and operated under and by virtue of Chapter 20, Title 78, as amended, of the 1925 Revised Civil Statutes of Texas, Vernon's Ann.Civ.St. art. 5024 et seq.

Under a prior class suit, judgment was rendered in the 53rd District Court of Travis County, Texas, fixing an assessment equal to 100% of the booked and earned premiums on all policies held by the policy holders during the period from December 1, 1939 to October 25, 1941.

This suit was to collect from appellant the amount of the booked and earned premiums on certain described policies in said Company for the period from January 2, 1941 to October 24, 1941.

The motion for summary judgment filed by appellee was supported by:

(a) Certified copy of the 53rd District Court judgment.

(b) Deposition of Floyd Herring, auditor for the Board of Insurance Commissioners, showing $1630.61 premiums booked and earned for the period from January 2, 1941 to October 24, 1941.

(c) Notice to the Industrial Accident Board, signed by appellant Hurley, as required by Employers' Liability Act, Chapter 103, General Laws, 1917, and amendments thereto, Vernon's Ann.Civ.St. art. 8306 et seq., notifying said Board that he had become a subscriber by insuring with the Texas Fire and Casualty Underwriters, giving policy number and showing effective date to be January 2, 1941 to January 2, 1942.

(d) Transmittal notice from Texas Fire and Casualty Underwriters to the Industrial Accident Board, giving above information.

(e) Certificate of Secretary of the Industrial Accident Board that the notice that employer had become a subscriber was received and filed in that office on January 7, 1941.

(f) Certified copy of policy issued to appellant Hurley.

(g) Letter from appellant Hurley to Casualty Commissioner advising the Commissioner that he had authorized Texas Fire and Casualty Underwriters to write his workmen's compensation insurance for the year beginning January 1, 1941.

(h) Notice from Texas Fire and Casualty Underwriters to the Industrial Accident

Board cancelling said policy as of October 24, 1941.

Appellant's original answer consisted of special exceptions, a general denial, and a denial that he owed the sum sued for. His response to appellee's motion for judgment was (a) an unsworn pleading that he believed a mistake had occurred in issuance of the policy; (b) an affidavit by his attorney concerning a letter he had in his possession from H. D. Lemmon; and (c) an affidavit from H. D. Lemmon in which he stated that he, as agent for Texas Fire and Casualty Underwriters, felt that he would be able to sell the coverage to appellant, ordered out the policy which was later presented to appellant for his approval, and upon learning the type of company involved, appellant advised affiant he did not wish the coverage and the policy was later canceled.

The 53rd District Court judgment fixed the period of insolvency of the Texas Fire and Casualty Underwriters and the amount of the assessment. Howell v. Knox, Tex.Civ.App., 211 S.W.2d 324, refused n. r. e. That judgment is binding on all who were subscribers during the period involved. Southern Ornamental Iron Works v. Morrow, Tex.Civ.App., 101 S.W. 2d 336, writ refused; Richardson v. Kelly, 144 Tex. 497, 191 S.W.2d 857.

Appellant contends that the trial court erred in holding there was no genuine issue as to any material fact, and argues that the Lemmon affidavit raises an issue of fact to be determined by the trial court.

The weight of authority is to the effect that summary judgment will lie only if the state of facts at the hearing of the motion would, if presented in a jury trial, entitle movant, with all reasonable doubts resolved againt him, to a peremptory instruction. Fowler v. Texas Employers' Insurance Association, Tex.Civ.App., 237 S.W.2d 373, writ refused; Ramsouer v. Midland Valley Ry. Co., 8 Cir., 135 F.2d 101; Sartor v. Arkansas National Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967.

Where a summary judgment is sought, the court's function is solely to determine whether there is an issue of fact to be tried. De La Garza v. Ryals, Tex. Civ.App., 239 S.W.2d 854; also Rule 166–A, Texas Rules of Civil Procedure.

Applying the above test to the affidavit of Lemmon, does it present a disputed material fact?

The affidavit admits the issuance of the policy. Art. 8306, sec. 3c, R.C.S., provides that when an employer ceases to be a subscriber he shall give notice to the Industrial Accident Board. The insurance contract in dispute provides that either party may cancel upon giving ten days' notice, and further that cancellation shall not be effective except in compliance with law requiring notice to the proper Board. The affidavit does not state that such notice was given.

The affidavit does not give the date on which affiant claims that appellant told him he did not *wish* the coverage. It does not state when the policy was canceled.

The only cancellation date a jury could find would be October 24, 1941. Under the evidence submitted, the jury could fix no date on which appellant told Lemmon he did not wish the coverage.

Appellant did not, (by the Lemmon affidavit, or otherwise, deny the issuance of the policy, the notices by appellant to the Industrial Accident Board and the Casualty Commissioner, nor that the date of cancellation was October 24, 1941. Admitting all the statements of Lemmon to be true, they do not deny the material facts submitted by appellee to the court in support of the motion for summary judgment.

The court did not err in rendering judgment for the appellee.

Appellant contends that the record does not show he ever paid any premium on the policy and therefore a material fact was before the court as to whether the policy ever became effective. There is nothing in the pleadings or evidence offered by either party concerning the original premium. The question of whether the original premium was paid is not before us.

Appellant contends the trial court erred in providing interest on said judgment from May 2, 1947. The trial court allowed

interest from the date of the judgment in the 53rd District Court of Travis County, Texas. While this judgment did not fix a money judgment against appellant, it definitely fixed the yard stick by which the amount of that liability could be determined. That judgment became final. Howell v. Knox, supra. It provides in part: " * * * the liability which this judgment establishes against each subscriber of Texas Fire & Casualty Underwriters whether named herein expressly or as a class represented by those named herein, shall draw interest from the date of the entry of this judgment until paid at the rate of 6% per annum," and, " * * * that each and every subscriber and each insured stands in the same relation to Texas Fire & Casualty Underwriters as those who are named as defendants herein."

While the point at issue does not seem to have been expressly raised in the appellate courts, in similar reported cases interest is allowed from the date of the entry of the class suit judgment. Ama-Gray Oil Corp. v. Marshall, Tex.Civ.App., 192 S.W.2d 324; Southern Ornamental Iron Works v. Morrow, writ refused; Tex.Civ.App., 101 S.W. 2d 336; Ama-Gray Oil Corp. v. Marshall, Tex.Civ.App., 212 S.W.2d 960.

"Interest is payable when the debt upon which it accrued becomes due." 25 Tex. Jur. p. 9. This debt became due on the rendition of the class suit judgment. The amount of liability on the part of each subscriber could be calculated according to the provision of such class suit decree. The appellant's point of error is overruled.

The judgment of the trial court is hereby affirmed.

HALL, Chief Justice (dissenting).

The writer submits the following reasons for entering this dissent, based upon the hereinafter quoted portions of sworn testimony introduced against appellee's motion for summary judgment.

The following excerpt is taken from affidavit of W. J. Holt, attorney for O. S. Hurley:

" * * * I have in my possession in response to the inquiry that I have made a letter from Mr. H. D. Lemmon in which he states: 'I was attempting to get this business and had the policies issued on my own volition and not at the request of Mr. Hurley and as well as I remember it was never accepted by him.' * * * We, of course, hope and expect to present this defense to plaintiff's cause of action. * * * "

The facts set out in the Haven D. Lemmon affidavit raise a fact issue as to whether appellant purchased the policy in question, and is as follows:

"Amarillo, Potter County, Texas,
"February 19, 1951

"It has come to the attention of the undersigned that Mr. O. S. Hurley of Dallas, Texas is being sued by Mr. Will G. Knox, Receiver of the Texas Fire and Casualty Underwriters on the grounds that he at one time ordered and held a policy in the Texas Fire and Casualty Underwriters, the same being written by H. D. Lemmon & Company, a licensed agent at that time for the Texas Fire and Casualty Underwriters. This is to certify that on the occasion mentioned the writer felt he would be able to sell the coverage to Mr. Hurley and ordered out the policy from the home office of the Texas Fire and Casualty Underwriters. The policy was later presented to Mr. Hurley for his approval and, upon learning the type of company involved, he advised the writer he did not wish the coverage and the policy was later cancelled. The entire transaction was brought about by the writer and was not authorized in any way by Mr. Hurley.

"(s) Haven D. Lemmon
"Subscribed and sworn to this 19th day of February, 1951.

"(Seal)" "(s) Mildred Long, Notary Public in and for Potter County, Texas."

The auditor, Floyd Herring, appellee's witness, testified by deposition, among other things, as follows:

"It is true that H. D. Lemmon & Company issued to various people insurance policies for and on behalf of Texas Fire & Casualty Underwriters. I do not know whether or not H. D. Lemmon and Company kept an accurate set of books during the period above mentioned. * * *

"It is true that H. D. Lemmon & Company, as a local agent for Texas Fire & Casualty Underwriters made and entered into contracts with and issued policies to various people during the period involved. I do not know whether or not H. D. Lemmon & Company accepted cancellations of policies during the period involved."

The following circumstances could be taken into consideration by a trier of the facts:

1. The Company's act in cancelling the policy one day before it submitted its books into court for receivership was not explained.

2. No notice of such cancellation was sent to appellant, which was required under the proposed contract (if same was in force on the date of cancellation).

3. The Company may have ascertained from the books and effects of the Lemmon Insurance Company of Dallas that the policy was never in effect, such books being available for auditing on the date of cancellation.

4. The longevity of time in which the receiver decided to file this law suit from the date he was appointed, to-wit, approximately nine years.

5. The letter referred to in the majority opinion, wherein appellant wrote the usual and customary notice to the Casualty Insurance Commissioner when the policy was to be taken out, was merely a circumstance but not, as a matter of law, determinative of the question as to whether appellant accepted the policy.

6. Appellee's records do not reveal whether appellant paid for the premium. In this connection it can be taken also in consideration that appellee's records failed to show that the receiver either billed or sued appellant for such premium.

7. The record is also silent that no action was ever taken on the policy by anyone and no correspondence referring thereto from the time it was written until it was formally canceled by the Company.

8. It appears to the writer that the case was not fully developed by either party upon the hearing for summary judgment, and the best that can be said of the majority opinion is it resolved the issue in favor of appellee.

9. The above facts and circumstances raise a reasonable doubt in the writer's mind that an issue of fact was before the trial court when it rendered the summary judgment.

The writer believes that said opinion of the majority is in error wherein it holds, that the receiver's judgment should bear interest from date of the class suit for the following reasons:

1. The class suit was brought in Travis County for the sole purpose of determining the assessment liability of each and all subscribers of the company involved during a certain period.

2. That part of said class suit judgment is void wherein it grants 6% interest against those subscribers who were not personally served. It is noted in the Southern Ornamental Iron Works v. Morrow, Tex.Civ. App., 101 S.W.2d 336, and the other cases cited in the majority opinion, there is not one case relied upon and cited in such case wherein a personal judgment for money was rendered against a person who was not personally served. The cases cited in the Morrow case (which is the case of first impression upon the principals of class judgments in this State) were there cited for authority to render such a judgment upon the doctrine of virtual representation pertaining to this particular class of litigants.

3. The principal amount sued for in the instant case was not determined in the class suit. The facts are, that the trial court rendered its summary judgment for a less amount in the instant case than appellee sued for. It would be repugnant to good government for a court of competent jurisdiction to render a monetary judgment against a person without said person having his day in court to defend against same. In the Travis County class case involved herein, the trial court undertook to render judgment against subscribers (who had not been personally served) for 6% interest on $191,-000 indebtedness which it found to be due and owing by them without giving them the right to defend against same.

4. One of the most convincing reasons why that portion of the class suit is void,

wherein it undertakes to render judgment for interest at the rate of 6% per annum upon an unstated amount, as against the parties individually who were not personally served, is the fact that appellee saw fit to bring the instant suit in a district court where appellant resides, personally serving him and there undertaking to establish a personal judgment against him.

If the Travis County District Court had authority to render a 6% judgment against the unserved subscribers, then it would have had authority to render the principal amount upon which said interest would bear without the necessity of filing an additional suit and serving appellant personally.

Of course, this interest question is in point only if, as and when the trial court's summary judgment becomes final.