Marlena RAMALLO, Plaintiff,

v.

Janet RENO, et al., Defendants.

Civil Action No. 95–01851 (CRR).

United States District Court,
District of Columbia.

July 3, 1996.

Robert Stephen Bennett, Skadden, Arps, Slate, Meagher & Flom, Washington, DC, for Marlena Ramallo.

Philip Dean Bartz, Philemina McNeill Jones, Gary G. Grindler, Michelle Regina Slack, U.S. Department of Justice, Civil Division, Washington, DC, Laura Marlene Friedman, U.S. Department of Justice, Civil Division, Washington, DC, for Janet Reno, and Doris Meissner.

## ORDER

CHARLES R. RICHEY, District Judge.

On July 3, 1996, the Court held a hearing pursuant to Rule 43(e) of the Federal Rules of Civil Procedure in the above-captioned case. Present at that hearing were the plaintiff and her counsel, the plaintiff's husband, and five attorneys on behalf of the government. At that hearing, the Court heard the testimony of the INS attorney referred to in the Court's Memorandum Opinion and Order filed June 27, 1996, and whose identity must remain undisclosed pursuant to the Protective Order entered by Chief Judge Penn on September 27, 1995. The INS attorney's affidavit in the record partially contradicted the conclusions reached by the Court in its Memorandum Opinion and Order of June 27, 1996.

The defendants moved, before and at the hearing, for a full evidentiary hearing on the merits of the above-captioned case on the ground that the testimony of various witnesses must be assessed in order to determine the agreement's terms. This testimony was made a part of the record today by the government and does not alter the Court's conclusions herein.

Furthermore, the "discrepancies" complained of in the testimony of the various witnesses either do not relate to issues that would effect the outcome of this case or do

not conflict with what was stated in the Court's Memorandum Opinion of June 27, 1996. In a non-jury trial, the Court may make derivative inferences from undisputed facts as long as those inferences do not depend on the evaluation of witness credibility. *Cook v. Babbitt*, 819 F.Supp. 1, 11 n. 11 (D.D.C.1993) (Lamberth, J.). Also, the Court need not credit testimony to the extent that it is too incredible to be believed. *Minor v. Washington Terminal Co.*, 180 F.2d 10 (D.C.Cir.1950).

Moreover, all the witnesses, with the exception of the INS attorney, were deposed and subject to cross-examination, which appears in the record. The INS attorney is the only witness for either side that was unavailable to be deposed during the discovery period. Thus, she is the only witness whose testimony was not, and could not have been, challenged through cross-examination. The Court already has examined the deposition testimony of the other witnesses who were extensively cross-examined. As the ultimate factfinder in this non-jury case, the Court may, in its discretion, refuse to take oral testimony that would merely be redundant of the transcripts already in the voluminous record. In order to avoid needless further expense, delay, and burden on the parties and the Court, the Court shall exercise its discretion not to hear redundant testimony. The Court holds that a full bench trial is unnecessary because, but for the testimony of the INS attorney, this case has been fully adjudicated on the submitted record.

██ With respect to the merits of the above-captioned case, upon consideration of the testimony taken pursuant to Rule 43(e) and of the entire record herein, as the Court announced from the bench at the conclusion of the hearing today, the Court holds that the government is bound by its agreement entered into with the plaintiff, with the approval of the AUSA, the DEA Agent, and the INS District Director. The agreement is that, in exchange for the plaintiff's cooperation with the government in its effort to prosecute Latin American drug dealers and for the plaintiff's testimony with respect thereto, she would not be subject to deportation. The Court finds that the plaintiff fully complied in all material and essential respects with the agreement. In accordance with the plaintiff's due process rights guaranteed by the United States Constitution, the Court shall order specific performance of this agreement by the government. Furthermore, the Court finds that the government is estopped from denying the existence of the agreement and thus deporting the plaintiff. The government promised and lead the plaintiff to believe it promised that she would not be deported after testifying against dangerous Latin–American drug dealers. That she believed she would not be deported was imminently reasonable. She reasonably relied on that promise and cooperated with the government to her detriment. Moreover, there is no evidence that the government did anything to dispel her reasonable belief.

Based on fundamental due process considerations, principles of estoppel, and the entire record herein, based on the facts as articulated by the Court, and based on today's hearing and the Court's Memorandum Opinion of June 27, 1996, it is, by the Court this 3d day of July, 1996,

ORDERED that the government entered into a legal and binding agreement with the plaintiff not to deport her in exchange for her cooperation; and it is

FURTHER ORDERED that the government and its agents shall take any and all reasonable steps necessary to restore the plaintiff's status as a permanent resident of the United States consistent with this Opinion; and it is

FURTHER ORDERED that a redacted version of the transcript of today's hearing shall be made available to the *Washington Post* and to the public as soon as it is provided to the Court by the Court's reporter and approved for release by counsel for both the plaintiff and the government. The Court notes that it has been advised that there are serious security and privacy concerns that require this action on the part of the Court.